LOTTINGER, Judge.
This matter is before us on an appeal taken by the plaintiff, Mrs. Talita B. Cox, from a Judgment of the Lower Court which dismissed her suit.
The Trial Judge rendered written reasons for judgment which so effectively dispose of the issues presented, both factual and legal, that we have decided to adopt them as our own. They are as follows:
“This is a suit by Mrs. Talita B. Cox against W. R. Aldrich and' Company, Inc. for $8,000.00 plus $65.00 per month from 1956 until full restitution is made for alleged damages, together with legal interest.
“Plaintiff alleges that she is the owner of a lot of ground in the City of Abbe-ville with improvements thereon; that W. R. Aldrich and Company, Inc. and the Department of Highways of the State of Louisiana, in the early part of 1956, entered into a contract to lay certain concrete pavement in the City limits of the City of Abbeville, certain of said pavement to be laid along Charity Street within said City of Abbeville, along which street is located petitioner’s property.
“Plaintiff further alleges that W. R. Aldrich, Inc. stipulated with the State of Louisiana through the Department of Highways to do certain alterations to plaintiff’s property as a result of the paving project, said alterations, as contended by plaintiff to be as follows:
“ ‘To alter the building belonging to your petitioner herein, by removing approximately ten feet of the front thereof, adding the same to the rear of said building, renovating the front of said building, restoring two gasoline pumping units and fixing in a workmanlike manner the approaches *19 thereto and the area thereabout in order to restore your petitioner’s property in a condition reasonably similar to the way and manner it was previous to the undertaking of the paving proj ect aforesaid.’
“Plaintiff further alleges that she accepted the benefits above enumerated under the terms of the agreement between W. R. Aldrich, Inc. and the Department of Highways, but that the representatives of W. R. Aldrich and Company, Inc. refused at all times to comply with the provisions of said contract by refusing at all times to alter her building as called for by the contract, namely by removing approximately ten feet from the front thereof, adding same to the rear of said building, renovating the front of said building, restoring two gasoline pumping units and fixing in a workmanlike manner the approaches thereto in order thereby to restore her property in a condition reasonably similar and convenient as the same was before the undertaking of said paving proj ect; but that defendant did nothing whatsoever other than tear down the two gasoline pumping units and render the approaches to her property practically impassable and otherwise distorted the physical appearance of her house and area thereabout; that because of these facts plaintiff was caused to discontinue the operation of her gasoline service station which she was renting at the rate of $65.00 per month resulting in a loss of earnings in the sum of $65.00 per month, from the date of said interruption; that the estimated cost of restoring plaintiff’s property to the same or a reasonably similar condition in which it was at the time that defendants destroyed same is the sum of $8,000.00.
“An answer was filed in this matter by W. R. Aldrich and Company, a partnership composed of Lee Alden Holland and Ruby Holland, who averred that this suit is filed against W. R. Aid-rich and Company, Inc. by mistake, but in order to expedite matters appearer files herewith an answer thereto with an understanding between counsel for the plaintiff and counsel for defendant that the name of the defendant will be changed from W. R. Aldrich and Company, Inc. to W. R. Aldrich and Company by stipulation. The defendant denied plaintiff’s claim.
“Defendant, W. R. Aldrich and Company filed a third party suit against the Department of Highways, State of Louisiana, demanding judgment against said Department of Highways State of Louisiana, for all sums that may be adjudicated against defendant, W. R. Aid-rich and Company in favor of Mrs. Talita B. Cox.
“It appears from the testimony adduced on the trial of this case that there was an agreement executed by the State of Louisiana through the Department of Highways wherein W. R. Aldrich and Company agreed to construct 1.868 miles of hard surface highway in Abbe-ville, Louisiana, for a stipulated consideration, the terms and considerations of the contract being fully set forth in an agreement filed in this trial and entitled Exhibit P-12. As a part of this agreement the contractor, W. R. Aid-rich and Company, was to remove and relocate certain buildings and miscellaneous structures for a certain consideration for the removal and/or relocation for each item removed or relocated. Among the items to be altered was a filling station or garage owned by the plaintiff and the consideration to be paid by the Department of Highways to W. R. Aldrich and Company for this job was the sum of $2,000.00. Under the contract W. R. Aldrich and Company was to remove ten feet from the front of plaintiff’s building and add ten feet to the rear of said building. There is evidence in the record that W. R. Aid-rich and Company attempted to comply with the obligations imposed on it under *20 the contract terms with the Department of Highways ‘in connection with the work to be done on plaintiff’s building, but that plaintiff was very uncooperative and would not agree with the company as to what work should be done and how it was to be done. Finally the plaintiff was offered the sum of $2,000-00 (the amount to be paid by the Department of Highways to the contractor for this work) and requested her to do the work any way she saw fit, but this proposition was refused by plaintiff.
“It was brought out in the evidence adduced on the trial hereof that the Department of Highways reserves the right to eliminate from the work to be done by the contractor the removal of any or all of the buildings, structures, etc. itemized under these items if deemed advisable by the engineer. Inasmuch as no agreement could be reached by contractor and plaintiff the Department of Highways deleted the item in question and the amount of $2,000.00 was deducted from the price to be paid the contractor for the job. There was also evidence brought out in the trial of this case that the part of plaintiff’s building which was to be removed was actually situated within the right-of-way of Charity Street which was a dedicated street according to a map or plat of survey recorded in the conveyance records of Vermillion Parish. Therefore, the property of plaintiff was outside the right-of-way of Charity Street. (See testimony of Mr. Frank Chachere, pages 98 et seq of the transcript.)
“Plaintiff’s contention is that her right of recovery is based on [LSA-] Civil Code Articles 1890 and 1902 which deal with stipulations in favor of third persons.
“Article 1890 of the [LSA-] Civil Code reads as follows:
“ ‘1890 — Contract for benefit of third person — Acceptance by third person. — Effect—A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consent to avail himself of the advantage stipulated in his favor, the contract cannot be revoked.’
“Article 1902 of the [LSA-] Civil Code reads as follows:
“ ‘1902 — Contract for benefit of third persons — Revocation—But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated in his favor without his consent.’
“Plaintiff contends that the agreement between the State of Louisiana through the Department of Highways and W. R. Aldrich and Company, which provides for the work to be done on plaintiff’s building was a stipulation in favor of a third person (the third person being the plaintiff, Mrs. Talita B. Cox), all in accordance with Article 1890 of the [LSA-] Louisiana Civil Code cited supra.
“However, Article 1902 of the [LSA-] Louisiana Civil Code, also cited supra, provides in substance that the third party must signify his assent to accept the advantage made for him as set out in Article 1890, above set forth.
“Assuming for the sake of argument that there was a stipulation in favor of the plaintiff resulting from the contract between defendant, W. R. Aid-rich and Company and the State of *21 Louisiana through the Department of Highways, there i§ ample evidence that the plaintiff did not accept or assent to same and hence she is not entitled to claim the benefits or advantage resulting from the contract.
“Further as above stated, there is also ample evidence filed in the record of this case that the portion of plaintiff’s property, subject to this litigation, lay within the boundaries of an old established right-of-way of Charity Street and she certainly cannot recover damages for property within this right-of-way.
“For the reasons above stated it is the opinion of this Court that plaintiff’s suit should be dismissed.”
The Judgment appealed from is correct and is, therefore, affirmed.
Judgment affirmed.