173 So.2d 222 (1965)
Louis ROY, Plaintiff-Appellant,
v.
Russell ROBIN, Defendant-Appellee.
No. 1377.
Court of Appeal of Louisiana, Third Circuit.
March 24, 1965.
Rehearing Denied April 14, 1965.
Willis & Willis, Earl H. Willis, St. Martinville, of counsel, for plaintiff-appellant.
Domengeaux & Wright, by D. Mark Bienvenu, Lafayette, for defendant-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The defendant Robin struck the plaintiff Roy in the face in a dance hall fight. The plaintiff sues for personal injuries resulting from the fight. The trial court awarded the plaintiff $250 for minor cuts on the eyebrow. The plaintiff appeals this award as inadequate, contending that he is additionally entitled to recover for the subsequent loss of his left eye.
The evidence shows that the fight occurred near midnight on November 13th. The plaintiff and his wife testified that the chief initial injuries were three little cuts on the eyebrow, and that after the injury the plaintiff did not even sustain a black eye. About two days after the accident, however, *223 the plaintiff's eye commenced to swell; and on November 21st about seven days after the accident, the plaintiff reported to a local physician because of the gradual development of extreme swelling of his eye.
The local physician testified that an infection in the eye had progressed so far, in the five or six days since it had commenced, that the physician immediately sent Roy on to Charity Hospital for hospitalization for treatment of the grave condition. The Charity Hospital records are in evidence and show the severity of an infection of unstated cause in the eyeball and surrounding tissues. Finally, after extensive treatment over some fifty days, the plaintiff's left eye was removed on January 12, 1960, that is, about two months after the fight in which the plaintiff's face was punched.
The trial court allowed recovery only for the initial slight facial injuries. It disallowed recovery for the severe infection in the eye area and the subsequent loss of the eye, reasoning that this aggravation of the initial very minor injury resulted solely from the plaintiff's failure to seek medical assistance sooner.
Able counsel for the plaintiff-appellant correctly points out, in our opinion, that the damages for the aggravation of the initial injury should not be minimized for this reason.
The general principle sought to be applied is that a person injured by a tortfeasor cannot recover damages for such subsequent results of initial injury as he could reasonably have avoided by the exercise of due care on his part. Restatement of Torts, Section 918, and Louisiana Annotations to it, including the summary of Louisiana cases in Armistead v. Shreveport & R. R. Val. Ry. Co., 108 La. 171, 32 So. 456, 459; 25 C.J.S. Damages § 33, p. 499. In the application of this principle, Louisiana decisions have held that an injured person who unreasonably refuses recommended medical treatment is not entitled to recovery for any aggravation of the initial condition resulting from the unreasonable failure to undergo medical treatment recommended by competent physicians. Donovan v. New Orleans Ry. & Light Co., 132 La. 239, 61 So. 216, 48 L.R.A.,N.S., 109; Dark v. Brinkman, La. App. 3 Cir., 136 So.2d 463, and cases therein cited. The tortfeasor has the burden of proving that damages should be minimized because of the injured person's unreasonable failure to seek medical attention earlier. Andrus v. Great American Insurance Co., La.App. 3 Cir., 161 So.2d 113.
In the present instance, the injured plaintiff did not refuse medical treatment; he merely delayed securing same for some seven days after the injury. The infection did not set in until approximately two days after the fight, and the plaintiff and his wife at first attempted to treat it by home remedies for some five days before they reported to a physician for further treatment, after the infection had progressed gradually to a severe condition despite their efforts.
Considering the tortfeasor's burden of proof, we cannot say that the evidence sufficiently proves that the injured plaintiff unreasonably neglected to seek medical attention earlier: We cannot say that the aggravation of the injury was proved to be due to his failure to exercise ordinary, reasonable, or due care under all of the circumstances, including the relatively swift progression of the infection following its delayed inception, and including the absence of a showing that the plaintiff should reasonably have realized sooner that his initially minor injuries might become serious if he failed to secure expert medical attention rather than using home-care remedies. See Annotation, Duty of Injured Person to Minimize Tort Damages by Medical or Surgical Treatment, 48 A.L.R.2d 346.
The Louisiana cases allowing minimization generally involve some willful or deliberate failure of the injured person to *224 avail himself of medical attention reasonably indicated. Here the plaintiff did not neglect care of his injury; rather the homecare remedy used by him of attempting to reduce the infection by epsom salts bathing was inadequate in the light of hindsight. There is no showing that reasonable care at the time demanded earlier consultation of a physician.
The defendant-appellee further contends, however, that no causal relationship has been proved between the blow to the eye area (which did not even produce a black eye), and the subsequent development of an infection behind the eyeball.
The commencement of this infection two days after the accident certainly might give rise to a serious suspicion in the lay mind that there was a causal relationship. Nevertheless, in the evidence before us, neither the initial attending physician's testimony or the Charity Hospital records the only medical evidence in the record, show any causal relationship between the blow to the face and the development of an infection within the eye some two to eight days later.
It is true that "A medical condition producing disability or death is presumed to have resulted from an accident, if before the accident the injured person was in good health or affected only with latent symptoms, but shortly after the accident the disabling or death-causing condition manifested itself; provided that the medical evidence shows that there is a reasonable possibility of a causal connection between the accident and the disability or death. * * * [Citations omitted]" Normand v. Bankers Fidelity Life Ins. Co., La.App. 3 Cir., 148 So.2d 154, 155. In the evidence in the present case, however, there is not the slightest medical testimony to show how a blow to the eye area, which produced only cuts on the eyebrow and no black eye, could have produced interior tissue damage or otherwise produced or permitted the development of a massive eye infection such as was involved herein.
We think, therefore, that the defendant correctly contends that the plaintiff has not borne his burden of proving any causal relationship between the blow to the eye area and the subsequent development of a severe infection within the left eye, which, some two months later, resulted in the loss of this eye. Consequently, we find no error in the trial court's having awarded the plaintiff $250 damages for the only proven injuries, three small cuts above the eyebrow, resulting from the blow to his face sustained by him.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.