REID, Judge.
Plaintiff Mrs. Talita B. Cox filed this suit against the Department of Highways, State of Louisiana seeking to recover damages resulting from defendant’s breach of a contract with her over a right of way deed for the widening of Charity Street in the City of Abbeville, Louisiana. She claimed that the defendant was obligated to make certain alterations on her property which was to take ten feet off the front and add it to the rear.
Plaintiff’s chief complaint is that under her specific agreement in the right of way *312 deed defendant was to cut off ten feet of the front of a building and reconstruct it to the rear, that the surface of the front of her property would be restored with access to the street and all of other things to enable plaintiff to continue thereafter to operate her business as before and to restore her property as nearly as possible to its former condition in all respects necessary to permit the continued use for the purpose it was then being used.
She further alleges that the contract for the construction work of widening on Charity Street was made with W. R. Aldrich and Company and part of the contract was that it was to perform this work of alter-ating plaintiff’s store building for which they had allotted the sum of $2000.00. She claims that she was at all times ready and willing to proceed with the work of alteration but the Company refused and finally the Department of Highways relieved the contractor Aldrich from this portion of the contract.
Plaintiff sought damages in the amount of $90,000.00, the cost of reconstructing her building, the alterations, and the income from the property that she lost as a result of the fact that the defendant failed to comply with his contract.
Defendant first filed a plea of prescription which was overruled by the Court. They then filed an answer admitting the right of way deed and admitted that they had the agreement with Mrs. Cox to cut ten feet from the center of the garage building and add it to the rear thereof. Defendant further admitted that the construction contract provided that the contractor was to perform this alteration work, for which it had bid the sum of $2000.00. They further alleged that the contractor Aldrich was always ready, willing and able to perform the work and made repeated attempts to do so but plaintiff repeatedly and consistently refused to permit the contractor to perform this work as specified in the contract with the Department of Highways and finally under instructions from them this item was released from the contract. They further alleged that because of plaintiff’s refusal to permit the work to be performed the agreement entered into by her with the Department of Highways was repudiated and rendered null and void.
Defendant also filed an exception of no right of action based on the fact that plaintiff failed and neglected to obtain the proper- authorization from the Legislature of Louisiana. This exception was overruled. They also filed an exception of res judicata based on the decision of Cox v. W. R. Aldrich and Company, 247 La. 797, 174 So.2d 634 which was founded on the same cause of action, demanded the same thing, and was between the same parties as this suit. This exception was likewise overruled.
The case was subsequently tried on the merits and the Lower Court rendered judgment in favor of the plaintiff and against the Department of Highways in the full sum of $2000.00 from the date of judicial demand until paid, and all costs.
Plaintiff filed a motion for a new trial which was overruled.
From this judgment plaintiff has appealed to this Court.
Defendant filed an answer to the appeal alleging that it had made every effort to alter plaintiff’s building as originally agreed but that plaintiff had refused to permit the -alterations be made unless work over and beyond the original agreement was complied with; because of plaintiff’s arbitrary and unreasonable demands relative to the additional work Department of Highways finally instructed the contractor, W. R. Aldrich and Company, to eliminate the alterations of the building from the contract with the' Department of Highways; that the Trial Judge was in error in allowing plainiff the sum of $2000.00 as damages as the work agreed upon would have been performed by the defendant if it had not been stopped from doing so by the plaintiff, and sought a reversal of this portion of the judgment.
*313 This suit is similar and the aftermath of a suit filed by plaintiff against W. R. Al-drich over the same cause of action. In the prior suit this Court affirmed the judgment of the Lower Court dismissing plaintiff’s suit on the grounds that she was arbitrary and was seeking the performance of work that was not contemplated in the contract. See 162 So.2d 18. The Supreme Court of Louisiana granted writs in this case and rendered judgment reinstating the judgment of this Court and holding the same. See Cox v. W. R. Aldrich and Company 247 La. 797, 174 So.2d 634.
The facts show that plaintiff owned the east half of Lots 8 and 9 Square 106 of the Sokoloski Addition to the City of Abbe-ville. The property fronted on Charity Street and cornered on Gertrude Street, with a 60 foot front on Charity and a depth of about 100 feet along Gertrude Street. Plaintiff had a wooden building in the front of the property about 100 feet along Gertrude Street. Plaintiff had a wooden building in the front of the property about 50 feet long on Charity Street and about 20 feet deep which was used and leased by her as a garage. To the rear of this, and fronting on Gertrude Street was appellant’s home and between the two buildings was a small building fronting on Gertrude Street which she used as a garage for an automobile.
Prior to 1956 Charity Street was a two lane street or highway, hard surfaced with abutments consisting of a total width of approximately 40 feet. Plaintiff’s property was on a level with the street and a concrete island on which the gasoline pumps were located was about 15 feet from the street. Plaintiff had a long time lease with Canal Oil Company, sometimes known as D-X Oil Company with a rental of one cent a gallon on all gasoline sold with a guaranteed monthly rental of $35.00 a month. The garage and filling station was rented to a mechanic who paid the sum of $50.00 per month rent, plus $20.00 a month for rental of an apartment in the rear of the building.
The Highway Department, wishing to make Charity Street a four lane street sought rights of way from the adjoining owners along the street and secured one from plaintiff with the understanding that they would make the alterations therein set out. When they came to Mrs. Cox’s place they said that they were ready and she first stated that she was ready for them to proceed with the work of alterations. However, a dispute quickly arose as to the means by which they were to do it and what alterations the contractor was required to do. Various members of the contractor’s organization called on Mrs. Cox in an effort to solve the situation without results. In addition the Highway Engineer, Mr. McGee Moss, called on Mrs. Cox and had several calls and visits from her, seeking to have the work performed in accordance with the contract.
The Trial Judge in his written reasons for judgment found as follows:
“The first effort by W. R. Aldrich to perform under this agreement was when they sought to have a Mr. Mentor Janice make the necessary alterations to the building. He went to her property with some of his men to do the work, but for some reason did not start work. The Court was unable to determine why the work was not commenced and can only assume that the parties were unable to agree on how the work was to be performed. After all, the total contract provision “to cut 10 feet off the front and add 10 feet to the rear” left much to the imagination of both parties. Other contract documents touching on this subject provided that plaintiff’s property would be put back in the same condition or better, and it is not inconceivable that plaintiff and defendant’s agents could have varying views on that subject, especially when only $2000.00 was allocated in Aldrich’s bid to perform the work. Proof of the correctness of this assumption by the Court is revealed by the testimony of two witnesses for the Highway *314 Department, who stated that each time they went out to perform the work that Mrs. Cox either wanted something different or wanted more than was required by the contractor under the contract. Now how they could make that determination from the contract documents is a source of much amazement. Mrs. Cox, on the other hand, denies that she ever stopped them from performing the work necessary to comply with their agreement. The most plausible explanation as to why the work was not performed is that the contractor would not commence the work until he could reach an exact agreement with Mrs. Cox as to what was to be done to “cut 10 feet off the front of the building and add it to the rear.”
The Court finds that there was a mutual disagreement between the parties with regard to the accomplishment of the work under the contract, and that Mrs. Cox was in no way arbitrary in her dealings with the contractor. It is a fact that she always had faith that the Department of Highways would put her property in as good a condition or better when the work was completed. She stayed in contact with the project engineer during this time and did not become apprehensive until the Highway Department moved their equipment off of her property. The Department at the time had done similar work for Mr. Young Broussard, the Mayor of Abbeville, and whose property was just down the street from Mrs. Cox, so, it was natural that she had confidence that the work would be completed in a satisfactory manner.”
While the Lower Court found that Mrs. Cox was' in no way arbitrary in her dealings with the contractor in these written reasons this is contrary to our finding in the original case of Cox v. Aldrich, supra, and the Supreme Court decision in the same case. We concur with our Learned Brother below that there was definitely a mutual disagreement between the parties with regard to the accomplishment of the work to be done under the contract.
Defendant claimed that each time Mrs. Cox wanted other alterations, or an apartment or two built, and in addition wanted some extra money. This was denied by Mrs. Cox. The defendant and the contractor both said that they were willing to perform the work under the contract and in fact had their laborers go there with the intention of starting, but stopped when they found that Mrs. Cox was making other demands.
We are satisfied that Mrs. Cox wanted additional work done other than that covered by the contract and in fact we believe that both parties were negligent in not having a more definite agreement as to what alterations should be made and how they were to be made.
While it is true that we are holding that Mrs. Cox, by her arbitrary action, caused the breach in the contract, we realize that the Highway is obligated to do certain things, such as, restoring the building to the condition that it was, and to make the proper grades and entrances so that she could have a means of ingress and egress to her filling station and garage for the use of her customers. After the dispute arose the Highway Commission did not do any of these except they did lower the front to some extent.
About the time the dispute arose the defendant discovered that they did not actually need the right of way from plaintiff because in the original plat of the Sokoloski Addition the street was 70 feet wide, which was sufficient and that actually Mrs. Cox’s gas pump island was in the street. However, the defendant went ahead and was willing to live up to the contract had it not been prevented by the dispute between Mrs. Cox and the contractor as to how the work was to be done and what was to be done. We believe that they would be es-topped from trying to set up that they had no need for the additional right of way *315 from Mrs. Cox because they already had it in the street.
Quoting further from the written reasons of the Trial Judge he held as follows:
“The Department of Highways, having .agreed to perform this work for plaintiff, should be estopped to assert a lack of consideration for their agreement after still negotiating with plaintiff to do the work after they learned that there was no obligation on their part to obtain a right of way from her. However, her right to recovery should be based on damages which she sustained. The location of the highway destroyed her property for the purposes it had been formerly put. Regardless of whether the cause of action arose out of Article 2315 or 667 of LSA Civil Code, whenever a governmental agency engages in an undertaking with a public purpose and public benefit which directly results in the damaging of private property a cause of action is created. Kendall v. State Through Department of Highways, La.App., 168 So. 2d 840.”
Our Brother below held that the measure of damages should be the cost of remodeling the improvement. The only evidence before the Court is the testimony of Mr. Mabry Hebert, a carpenter, who gave an estimate of $8000.00 which did not include the water and electrical connections. The Trial Judge stated that this testimony was totally unacceptable and in this we concur. The man gave a general estimate of $8000.00 which he had originally estimated several years before. He had no statement of how he arrived at this figure, no inventory of what material he would need, or the approximate amount of labor and we do not believe that this estimate would be a correct estimate of the measure of damages.
Since the Highway had originally set up $2000.00 in its contract with Aldrich for this purpose and regardless of plaintiff’s actions we believe that in all fairness and equity she should be entitled to recover this amount. We believe that her actions in creating a dispute bar her recovery of any other damages. For these reasons we believe that the judgment of the Trial Court is correct and it is hereby affirmed.
Affirmed.