BARHAM, Justice.
Certiorari was granted in this case on relation of the plaintiff, Mrs. Talita B. Cox, to review a decision by the Court of Appeal, First Circuit, which affirmed the district court’s judgment awarding her $2000.00 as damages against the Department of Highways for an alleged breach of contract. See 200 So.2d 311. Relator contends the award is inadequate.
In 1956 the Department of Highways sought to widen Charity Street which formed a part of State Highway 14 through the City of Abbeville. In order to .add 30 feet to the street the department sought grants of rights-of-way, including such a grant from the plaintiff-relator, who owned a filling station and garage consisting of a *25 wooden building on a corner lot. As a condition for the right-of-way the Department of Highways agreed to "cut off 10' on front of garage & add to rear” (see P-lB). The right-of-way deed contains the following language:
“(3) The Department of Highways * * * at the expense of the said Department, * * * shall relocate and/or reconstruct all approaches within said right of way * * *.
“(4) The Department of Highways * * * shall alter and/or remove from the right of way hereby conveyed, all buildings and/or improvements, together with their appurtenances, as prescribed in accordance with the construction plan for said State Project No. 55-06-13 and/or as designated by the District Engineer of the said Department.”
The testimony of the project engineer is that general specifications applicable to roads and bridges, dated July, 1955, require that all buildings and appurtenances be altered or replaced so as to be used in the same manner as before.
A contract for the highway construction was executed by the Department of Highways and W. R. Aldrich and Company, Inc., with the notation that the Cox building was “To be altered as indicated on the plans and as directed by the engineer”. Mrs. Cox, relator here, in a previous suit against W. R. Aldrich claimed damages for breach of a stipulation pour autrui. This court after granting writs in that case dismissed her claim. See Cox v. W. R. Aldrich and Co., Inc., 247 La. 797, 174 So.2d 634 (1965).
In the instant suit Mrs. Cox seeks to recover damages of $90,000.00 for breach of contract from the Department of Highways. She bases her suit upon a contract, and the allegations of her petition recognize and set forth the contract. The Department of Highways in its answer acknowledges the contract and admits that W. R. Aldrich and Company was to perform the work on the Cox property at a cost of $2000.00. Mrs. Cox alleges that she was at all times willing and ready for the contract to be performed, but that the contractor for the Department of Highways refused to do the work. The trial judge awarded the plaintiff-relator $2000.00, and his pertinent conclusion of fact is as follows:
"The Court finds that there was a mutual disagreement between the parties with regard to the accomplishment of the work under the contract, and that Mrs. Cox was in no way arbitrary in her dealings with the contractor. * * *”
The Court of Appeal arrived at the following conclusions of fact:
“* * * We concur with our Learned Brother below that there was definitely a mutual disagreement between the parties *27 with regard to the accomplishment of the work to be done under the contract.
* * * * * *
“We are satisfied that Mrs. Cox wanted additional work done other than that covered by the contract and in fact we believe that both parties were negligent in not having a more definite agreement as to what alterations should be made and how they were to be made.
"While it is true that we are holding that Mrs. Cox, by her arbitrary action, caused the breach in the contract, we realize that the Highway is obligated to do certain things * * (Italics ours.)
The Court of Appeal affirmed the lower court’s award of $2000.00, stating:
“* * * regardless of plaintiff’s actions we believe that in all fairness and equity she should be entitled to recover this amount. We believe that her actions in creating a dispute bar her recovery of any other damages. * * *”
The defendant-respondent admits the non-performance of the contract. It asserts, however, that its failure to perform was not of its own volition but resulted from the arbitrary actions of relator.
The factual finding of the Court of Appeal, which is supported by the evidence and with which we agree, is that the relator was arbitrary in her refusal to allow respondent to make alterations to and restoration of the property. Although relator performed her part of the contract by granting to the respondent the right-of-way it requested, she did not allow respondent to perform. The only evidence in support of relator’s claim is her uncorroborated testimony. There is much persuasive testimony that she by her own willful acts was solely responsible for respondent’s failure to fulfill its obligations.
 Where the promisee makes performance impossible, it is unimaginable that any civilized system of law would allow that promisee to recover damages for the promisor’s failure to perform under the contract. It is a long established principle of law that he who prevents a thing may not avail himself of the non-performance he has occasioned. The principle is founded upon the premise that one should not be able to take advantage of his own wrongful act.
Relator, having chosen to sue upon a contract and having recognized that contract, has asked for recompense in the form of damages from the respondent, and has prayed in the alternative for judgment’in quantum meruit. She seeks to recover an award which would compensate her for the alteration of her building and for claimed *29 loss of revenue from her property for a prolonged period. Because any such loss she may have suffered wa.s occasioned by her own willful and arbitrary conduct, she is not entitled to relief in damages.
Since the Department of Highways has not asked for review of the $2000.00 award, it cannot be decreased, and under our conclusion there is no basis for an increase.
The judgment of the Court of Appeal is affirmed.