REDMANN, Judge.
Defendants appeal from a $100,000 judgment for plaintiff mother’s psychological disability, “what I consider a conversion reaction,” the trial judge reasoned.
Plaintiffs did not plead that the accident caused the mother any psychological problems. They did plead that it caused traumatic neurosis to her 12-year daughter, whose psychiatrist diagnosed post-traumatic psychoneurosis with conversion symptoms. Quantum for the daughter is not at issue on this appeal. Plaintiffs introduced psychiatric testimony to prove that the mother’s refusal of a diagnostic myelogram, for an alleged intervertebral disc problem, was the result of a long-held fear of needles. During that testimony one psychiatrist opined that the mother was psychologically disabled.
Under the circumstances of the psychiatric testimony’s being introduced for one purpose within the pleadings but supporting a conclusion not alleged by the pleadings, we conclude that defendants did not consent to the trial of the unalleged issue within La.C.C.P. 1154 and thus it was not presented for decision. We therefore eliminate the awards, including future medical, based on conversion reaction.
The trial judge concluded that plaintiff “has some slight mechanical or orthopedic disfunction in the cervical area, but that this would not disable her. . . . Marlene Jacobs does not have any disc pathology of any significance.” We conclude that the maximum the trial judge could have awarded for these injuries was approximately $7,500.
Amended to reduce the award to Marlene Jacobs to $7,500 and that to Edward Jacobs to $2,619.50. Plaintiffs are to pay the costs of appeal.