432 So.2d 843 (1983)
Marlene JACOBS, Individually and as Natural Tutor of Her Minor Child Rhonda JACOBS
v.
NEW ORLEANS PUBLIC SERVICE, INC. and Julio Kaiser.
No. 82-C-2818.
Supreme Court of Louisiana.
May 23, 1983.
*844 A.R. Christovich, Jr., Christovich & Kearney, New Orleans, for applicant.
James E. Shields, Gretna, for respondent.
DENNIS, Justice.
We granted writs for the purpose of reviewing the court of appeal's additional award of $158,471 for future wage loss to the trial court's judgment for the plaintiff. After carefully considering the evidence and arguments of counsel, we conclude that the court of appeal judgment is correct. We therefore affirm.
This suit arose out of a collision between a New Orleans city bus and an automobile driven by Marlene Jacobs on November 21, 1974. After trial in May 1977, the trial judge found that the accident had rendered Mrs. Jacobs psychologically disabled and awarded her damages totalling $100,000, including *845 an award of $50,000 for loss of earning capacity and an equal amount for pain and disability. The court of appeal reduced the award to $7,500 on the ground that plaintiff had failed to plead any psychological disability at trial. 368 So.2d 1204 (La.App. 4th Cir.1979). We reversed this ruling and remanded the case to the court of appeal. 369 So.2d 1376 (La.1979). Ultimately, the case was remanded to the trial court for the introduction of evidence concerning plaintiff's claim of psychological disability.[1]
Evidence was taken in June 1980, after which the trial judge found that Mrs. Jacobs has a permanent psychological disability which was caused by the accident with the NOPSI bus. However, finding that Mrs. Jacobs' permanent disability resulted from her failure to continue psychological treatment after the first trial, the trial judge denied Mrs. Jacobs any damages for future wage loss. Accordingly, the trial court reinstated its original award for $100,000. On appeal, the court of appeal determined that the trial court erred in finding that Mrs. Jacobs had unreasonably failed to continue treatment under her circumstances; it increased the award of damages to Mrs. Jacobs by $158,471 to compensate for her lost future wages. 422 So.2d 207 (La.App. 4th Cir.1982). Defendant seeks review of both the $100,000 award by the trial court and the court of appeal's increase in the judgment for lost future earnings.
Defendant initially argues that the evidence does not support the lower courts' findings that the collision caused Mrs. Jacobs' physical and psychological afflictions. However, in our opinion, the evidence fully justifies their determinations. Although the medical experts disagreed in many of the details of their diagnoses, the record contains a substantial basis for the lower courts' conclusion that the bus accident caused Mrs. Jacobs to be permanently disabled. Dr. Oliver Sanders testified that Mrs. Jacobs suffered from anxiety neurosis and that her prospects for a future recovery are dim. Dr. Louis Escalada concurred in this diagnosis and prognosis. Both psychiatrists testified that Mrs. Jacobs' injury was related to the bus accident. Dr. Max Johnson testified that plaintiff suffered from an anxiety tension stage resulting from the bus accident. Only Dr. Albert DeVillier attributed Mrs. Jacobs' present mental state solely to pre-existing paranoia, but he could not relate the sudden deterioration of plaintiff's emotional condition to any other event. Taken as a whole, this testimony constitutes a solid basis for the finding of defendant's liability to Mrs. Jacobs and the award for her pain and disability.
The trial court rejected a claim for loss of future earnings because it found plaintiff had unreasonably failed to undertake continued psychotherapy to mitigate her emotional disorder. The court of appeal reversed this finding on appeal and amended the judgment to add $158,471 for plaintiff's lost future earnings. This amendment forms the basis of defendant's second assignment of error.
Our law seeks to fully repair injuries which arise from a legal wrong. However, an accident victim has a duty to exercise reasonable diligence and ordinary care to minimize his damages after the injury has been inflicted. Pisciotta v. Allstate Ins. Co., 385 So.2d 1176 (La.1979) (amended on rehearing); Unverzagt v. Young Builders, Inc., 215 So.2d 823, 252 La. 1091 (1968); Donovan v. New Orleans Ry. & Light Co., 61 So. 216, 132 La. 239 (1913); Reeves v. Louisiana & Arkansas Ry. Co., 304 So.2d 370 (La.App. 1st Cir.1974); Riley v. Frantz, 253 So.2d 237 (La.App. 4th Cir.1971); Welch v. Ratts, 235 So.2d 422 (La.App. 2d Cir. 1970); McCormick, Damages, § 33 (1935). He need not make extraordinary or impractical efforts, but he must undertake those which would be pursued by a man of ordinary *846 prudence under the circumstances. Id. Thus, his recovery will not be limited because of a refusal to undergo medical treatment that holds little promise for successful recovery. Merrell v. State, Through Dept. of Transp., 415 So.2d 660 (La.App. 3d Cir. 1982). The expense and inconvenience of treatment are also proper considerations in determining the reasonableness of a person's refusal to submit to treatment. Andrus v. Security Ins. Co., 161 So.2d 113 (La.App. 3d Cir.1964), writ denied, 163 So.2d 359, 246 La. 81 (1964). Moreover, an unreasonable refusal of medical treatment which does not aggravate his injury will not restrict a victim's recovery. Joiner v. Texas & Pac. Ry. Co., 55 So. 670, 128 La. 1050 (1911); Merrell v. State, Through Dept. of Transp., supra. The tortfeasor has the burden of showing both the unreasonableness of the victim's refusal of treatment and the consequent aggravation of the injury. Glazer v. Glazer, 278 F.Supp. 476 (D.C.La. 1968); Reeves v. Travelers Ins. Co., 329 So.2d 876 (La.App. 2d Cir.1976); Desselle v. Wilson, 200 So.2d 693 (La.App. 3rd Cir. 1967); Roy v. Robin, 173 So.2d 222 (La.App. 3rd Cir.1965), writ denied 175 So.2d 110, 247 La. 81 (1965).
After carefully examining the record, we find no justification for the trial court's determination that Mrs. Jacobs was unreasonable in failing to continue psychiatric treatment or that her failure aggravated her injuries. None of the medical witnesses testified that continued psychiatric treatment would have prevented the deterioration of Mrs. Jacobs' condition or would have enhanced her chances of returning to gainful employment. Rather, Drs. Sanders, Escalada and Palmer each testified that Mrs. Jacobs' condition was permanent as of the first trial. Dr. Sanders further stated at the first trial that he recommended only supportive treatment to help Mrs. Jacobs cope with her permanent disability. Mrs. Jacobs explained to Dr. Sanders that she discontinued treatment in 1977 because of financial problems. The record indicates that Mrs. Jacobs, her husband and daughter reside in a large house with a swimming pool, but her inability to work has left the family totally dependent on her retired husband's monthly social security check of $758. The record indicates that Mrs. Jacobs did not seek psychiatric care from 1977 to 1979, but there is no evidence showing that further psychiatric treatment would have been medically effective or financially possible within the context of Mrs. Jacobs' circumstances. Consequently, we conclude that defendant failed to carry its burden of proving that Mrs. Jacobs unreasonably failed to mitigate her damages.
The court of appeal, in attempting to compensate Mrs. Jacobs for her total teaching income since her 1977 job termination, apparently overlooked the trial court's award of $50,000 for the same loss. Defendant does not contend that the court of appeal's calculation of $158,471 in loss of earning capacity is excessive, but we will take notice of and correct patent oversights by the lower courts in their assessment of damages. La.C.C.P. art. 1951, Comment d; La.C.C.P. art. 2164, Comment a; Cf. Union Sulphur Co. v. Campbell, 21 So.2d 626, 207 La. 514 (1945); State v. F.B. Williams Cypress Co., 61 So. 988, 132 La. 949 (1913); Woods v. Ratliff, 407 So.2d 1375 (La.App. 3d Cir.1981). Ultimately, however, a reduction of the award is not required, because of the court of appeal's offsetting error in computing plaintiff's lost future earnings on the basis of outdated salary figures.
Mrs. Jacobs is entitled to compensation for her loss of earning capacity, rather than merely for her lost earnings from the job she held at the time of the accident. Folse v. Fakouri, 371 So.2d 1120 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). However, the record contains no evidence that Mrs. Jacobs' earning capacity is greater than that reflected by evidence of salaries for the teaching position held by plaintiff at the time of her injury. By basing our calculation of plaintiff's loss of economic capacity upon evidence of salaries prevalent during the second trial, we determine that the court of appeal should have awarded Mrs. Jacobs *847 $225,984 for her lost earning power.[2] Because Mrs. Jacobs did not apply to this court for review of the opinion of the court of appeal, we cannot increase the judgment in her favor to reflect the full extent of her loss earning capacity. See Chivoletto v. Johns-Manville Products Corp., 330 So.2d 295 (La.1976); Gulotta v. Cutshaw, 283 So.2d 482 (La.1973); Cox v. Dept. of Highways, 209 So.2d 9, 252 La. 22 (1968); Rogillio v. Cazedessus, 127 So.2d 734, 241 La. 184 (1961); Polizzi v. Lotz, 125 So.2d 146, 240 La. 734 (1960). But, we take the evidence in her favor into consideration in determining that no reduction of the award is justified despite the court of appeal's miscalculation of plaintiff's wage loss.
For the reasons assigned, we affirm the judgment of the court of appeal.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
The psychiatric testimony in the first trial, which was introduced solely to corroborate plaintiff's claim that her fear of needles justified her refusal of a myelogram, was evidence in support of her claim for damages resulting from a back injury. There was no claim for or evidence of a psychological disability related to the accident. The initial decision by the court of appeal was correct.
NOTES
[1] On remand to the court of appeal, that court further remanded the case to the trial court for the presentation by defendant of evidence against the psychological claim. 374 So.2d 167 (La.App. 4th Cir.1979). We amended that order to permit both parties to adduce evidence in the trial court on remand. 376 So.2d 321 (La.1979).
[2] The present calculation follows the same assumptions made under the earlier calculation: that teacher salaries would increase at an annual rate of 3.1%; that Mrs. Jacobs would retire without promotion after 20 years of service; and that she would collect a retirement income for 24½ years under the actuarial tables. By the time of the second trial, Mrs. Jacobs had already sustained $42,776 in salary loss since her resignation in January 1977. Projecting the present value of Mrs. Jacobs' future salary loss, beginning with a $14,100 salary for 1980-81 and a 5% discount rate, yields $166,636. Her present value retirement income, calculated on the basis of these current salaries, is $59,348. The sum of Mrs. Jacobs' past and future salary loss and her future retirement loss totals $225,984.