## LUDLOW vs. THE VILLAGE OF YONKERS.

In an action against a municipal corporation for negligence in the construc·
tion of a wall, in consequence of which the wall fell down and injured the
plaintiff's mill, the damages recovered should be only for the actual injury
sustained by the plaintiff, with interest from the time of the injury.

If rent of the building injured is recoverable, it can only be for such time as
was necessary to repair the premises and restore them to their usefulness.

*It seems* that where a municipal corporation undertakes, though voluntarily,
to construct a drain to receive the drainage from a street and convey it
across the land of an individual, it is bound to do the work skillfully.

THE corporate authorities of the village of Yonkers graded, curbed and guttered a street along the plaintiff's land. The point of discharge from the gutters was upon the plaintiff's land. The defendant, at the request of the plaintiff, constructed an open drain to receive the drainage from the surface of the street and convey it across the plaintiff's land to the Hudson river, and to do this erected a sustaining wall to support the embankment on which this open drain was constructed. This wall proved insufficient for the purpose for which it was built and fell down and injured the mill of the plaintiff. This injury was done to the mill in 1861. The wall has not since been repaired, nor has the mill been restored or used. The plaintiff in 1863 brought his action against the defendant for negligence in the construction of the wall, and in the latter part of 1864 had a report of a referee in his favor for the injury done to the mill by the falling of the wall and for rent of the mill from the injury down to the time of the trial; and from the judgment entered on that report the defendant appealed.

*Marsh, Coe & Wallis,* for the defendant and appellant.

*S. E. Lyon,* for the respondent.

*By the Court,* J. F. BARNARD, J. From a careful examination I think this judgment can not be sustained. The damages should be only the actual injury sustained by the

plaintiff, with interest from the time of the injury. If rent is recoverable, it would only be for such time as was necessary to repair the premises and restore them to their usefulness. The plaintiff can repair at his pleasure. He has not yet repaired, and has recovered rent from 1861 down to the trial, and perhaps to the date of the referee's report in 1864. There is no proof on which this rent can be recovered. The plaintiff can not, by neglect to repair, charge the defendant for rent to the extent of time permitted by the statute of limitations. It is not therefore ·necessary to discuss the questions as to the liability of the defendant, under the evidence. I am inclined to think that the defendant was bound to do skillfully what it undertook to do even voluntarily. But assuming the liability, there must be a new trial at the circuit, costs to abide the event. New trial granted.

[KINGS GENERAL TERM, February 8, 1865. *Hogeboom, Lott* and *J. F. Bar nard,* Justices.]