No. 1,771.

Citizens' Street Railroad Co. v. Hobbs.

Appellate Procedure.— *Bill of Exceptions.—Presumption.—Instructions.*—This court will presume, on appeal, that correct instructions were given by the trial court upon every material point in issue at the trial, and the bill of exceptions must show affirmatively that no other instructions were given save those contained in the bill.

Citizens' Street Railroad Co. *v.* Hobbs.

SAME.—*Record.*—*Instructions.*—A statement in the record that the instructions asked by the parties respectively, and those given by the court "are in the words and figures following," followed by requests for instructions, and instructions marked as given, sufficiently shows that all of the instructions given are contained in the record.

SAME.—*Instructions.*—*How Brought Into the Record.*—Instructions may be brought into the record by a bill of exceptions or by order of the court under section 542, R. S. 1894, making same a part of the record. If the latter course is pursued no bill of exceptions is necessary.

SAME.—*Instruction.*—*Exception to.*—A statement in the introductory portion of a bill of exceptions, that the instructions were requested in advance of the argument, and a subsequent statement following the series of instructions, that each of such instructions was then and there refused by the court, and defendant excepted to such refusal, sufficiently shows that exceptions were taken at the proper time and in the proper manner.

SAME.—*Instructions.*—*Failure to Sign.*—The trial court may, without committing any reversible error, refuse to give instructions requested, if they are not signed by the party asking them or by his attorney. .

SAME.—*Instruction.*—Failure of an instruction which is applicable to the evidence and correct in the abstract, to include other matter which might properly have been, but which is not, embraced therein, is not cause for reversal.

EVIDENCE.—*Aggravation of Injury.*—*Burden of Proof.*—*Defense.*— The burden of showing that plaintiff's injuries, shown to have been caused by defendant's negligence, were aggravated by plaintiff's failure to use ordinary care, judgment, and diligence in having the injuries properly treated, rests upon defendant.

From the Marion Superior Court.

*Mason & Latta,* for appellant.

*Ayres & Jones,* for appellee.

REINHARD, J.,—The appellee sued appellant, and recovered a judgment against it for personal injuries, received while a passenger on one of appellant's street cars in the city of Indianapolis, and through the alleged negligence of the appellant. One of the errors assigned is the overruling of the appellant's demurrer

to the complaint. · This alleged error does not seem to be relied upon very confidently by the appellant's counsel. We have examined the complaint, however, and think it is sufficient.

The principal contention arises upon the overruling of the appellant's motion for a new trial, assigned as error. The appellant requested the court to give the jury certain instructions, which request was refused, and the refusal is assigned as cause for a new trial.

Appellee's learned ·counsel contend, however, that the record fails to show affirmatively that it contains all the instructions given in the cause, and that, therefore, the refusal to give the instructions requested cannot avail the appellant.

It is an elementary principle, governing the procedure in appeals to this and the Supreme Court, that every presumption will be indulged in favor of the ruling of the trial court, until it has been made to appear affirmatively that some harmful error has been committed, for which a reversal of the judgment appealed from should be adjudged. It is a necessary corollary of this principle, that the court, on appeal, will presume that correct instructions were given by the trial court upon every material point in issue at the trial. This has been so. often decided by the courts, that the citation of authorities cannot be necessary, and, indeed, it is not asserted in this case that the rule is otherwise. To overcome this presumption the appellant "must present a record fully and clearly showing that the trial court erred in refusing to give instructions." Elliott App. Proced., section 722.

Hence, the bill of exceptions must show affirmatively, either by a direct statement, or by fair implication, that no other instructions were given save those contained in the bill. *Town of Ladoga* v. *Linn*, 9 Ind. 15.

Citizens' Street Railroad Co. v. Hobbs.

In the transcript of order-book entries in this case, it is recited that the evidence being completed, "the plaintiff and defendant each tendered certain instructions, which they respectively ask the court to give to the jury. And the argument of the counsel having been heard, the court now gives to the jury its instructions herein.  *  *  *  Said instructions asked by the parties, respectively, and those given by the court, are now filed and made a part of the record herein, and are in the words and figures as follows, that is to say:—" Then follow two instructions, entitled "Plaintiff's instructions," which are signed by counsel for appellee, plaintiff below. This is followed by a memorandum of the clerk, thus: "For defendant's instructions, see bill of exceptions No. 2, page —, of the transcript."

After this memorandum there is set out what purports to be a series of instructions, given by the court, numbered consecutively from 1 to 6, inclusive, and signed by the trial judge. After these come other order-book entries, and in these it is stated that "the defendant files its bill of exceptions No. 2, herein, in the words and figures following, viz:" Then follows "bill of exceptions No. 2," containing the evidence given at the trial. It does not purport to contain any instructions or requests for instructions.

Next in order appears the following entry: "And afterwards, to-wit, on the 21st day of November, 1894, being the fifteenth judicial day of the November term, 1894, of said court,  *  *  *  the following proceeding was had herein, that is to say:

"Now comes the defendant, by counsel, and files its bill of exceptions No. 3, herein, in the words and figures following, namely:—" Then follows what purports to be "bill of exceptions No. 3," showing:

1. The instructions requested by the appellant,

numbered from 1 to 5 inclusive, at the close of which it is stated that "each of which instructions was then and there refused by the court, and the said defendant, at the time, excepted to such refusal to give said instructions."

2. Then appears the following statement: "Be it remembered that afterward, on the said 20th day of March, 1894, after the argument of counsel before the jury in said cause, the court, of its own motion, instructed the jury in writing only, and gave each of the following instructions, to-wit:—"

This recital is followed by the same series of instructions heretofore referred to as having been made a part of the record by order-book entry, being the series of instructions given by the court, on its own motion, numbered consecutively from 1 to 6, inclusive. At the close of these instructions it is stated: "And thereupon said defendant, the Citizens' Street Railroad Company, at the time excepted to each of said instructions so given by the court, and to the giving of each of said instructions."

To this bill of exceptions the following certificate is attached: "And now, this 17th day of May, 1894, within the time so allowed by the court, the said defendant, the Citizens' Street Railroad Company, tenders this, its bill of exceptions, and prays that the same may be signed, sealed, and made a part of the record in said cause, all of which is done, this 21st day of November, 1894.

"PLINY W. BARTHOLOMEW,
Judge."

Also the following:

"This bill of exceptions is tendered to me, this 17th day of May, 1894, within the time so allowed by the court.

"PLINY W. BARTHOLOMEW, Judge."

It is also shown by the order-book entries that on the 31st day of March, 1894, which was the 24th day of the March term, 1894, the defendant (appellant) filed its motion for a new trial, which was overruled, and the appellant was given forty-five days to file its bill of exceptions.

It appears that both "bill of exceptions No. 2" and "bill of exceptions No. 3" were presented on the 17th day of May, 1894, being the 10th judicial day of the May term, 1894, of the court, and filed November 21, 1894.

Does it sufficiently appear from the record that the instructions referred to as having been given by the court were all that were given?

If we are permitted to look to that portion of the record in which the instructions given are made a part thereof by an order of the court, and to the instructions as there set forth, we think it appears affirmatively, or at least by clear implication, that the instructions given by the court, as there set out, were all the instructions given in the cause. It is there shown, as we have seen, that "the instructions asked by the parties, respectively, and those given by the court, are *  *  * in the words and figures following," which statement is followed by the request for instructions of the appellee, and by the series of instructions numbered from 1 to 6, consecutively, as given by the court. If this statement contains the truth, as we must assume, it would not be possible that any other instructions were given than those contained in said series; for if "those given by the court  *  *  * are in the words and figures following," it is inconceivable how there could have been others given which are not mentioned in the group following the statement.

It was not necessary that it should be stated in terms that the instructions set out were all the instructions

given.   It is sufficient if this is made to appear by fair implication, when the entire record is considered. *Grubb* v. *State*, 117 Ind. 277.

The question, therefore, recurs whether we may look to that portion of the record for an authentication of the instructions in which they are ordered to be made a part of such record.

A party may bring the instructions into the record by a bill of exceptions; or he may have the same made a part of the record under section 542, R. S. 1894, subd. 6.

A party may show that he excepted to the giving or refusal of instructions in two ways, viz:

1.   By a bill of exceptions, reciting that at the time the exception was given or refused the party excepted.

2.   By writing the exceptions on the margin or at the close of the instruction, over the signature of the judge.

If the latter course is pursued, no bill of exceptions is necessary, and the instructions are then brought into the record under section 542, *supra.*

Subdivision 6 of section 542, *supra*, provides that all instructions given by the court must be signed by the judge and filed, together with those asked and refused by the parties, but it is not necessary that the instructions be copied into the final record at large, unless either party may wish to appeal to a higher court. This provision, we think, specifies one of the methods by which instructions may be brought into the record.

But the subject of bringing a series of instructions into the record has no connection whatever, that we can see, with the matter of taking an exception to an instruction.  The two things are entirely separate and distinct.   There are likewise two ways, as already observed, in which it may be shown to the appellate

tribunal that an exception was reserved to an instruction, the one being by an endorsement on the margin, or at the close of the instruction, as provided in section 544, *supra,* and the other by recital in the bill of exceptions that the appellant excepted at the time the instructions were given. The former method is usually adopted when no bill of exception is employed, while the latter can only be followed when a bill of exceptions is resorted to, but we do not understand that instructions may not be brought into the record without exceptions, either by bill of exceptions or by making them a part of the record by order of court. A party may desire to bring the instructions to the attention of the appellate court for other purposes than that of testing their accuracy or correctness. We are very clear in our views that instructions may properly be brought into the record under section 542, *supra,* for the purpose of showing that they were given by the court, whether they show that any exceptions were taken to them or not. We are, therefore, of the opinion that when the whole record is looked to, as we may and are required to do, it is sufficiently shown that the instructions set out were all the instructions given in the cause, and we do not think the cases relied on for a contrary rule, when properly interpreted, give any support thereto.

It is next insisted, on behalf of appellee, that it is not properly shown that any exceptions were taken at the proper time to the ruling of the court in refusing the instructions requested. "Bill of exceptions No. 3" sets out a series of five instructions requested by the appellant, and at the close of the same it is stated as follows: "Each one of which instructions was then and there refused by the court, and said defendant excepted to such refusal to give each of said instructions." This, together with the statement in the

introductory portion of the bill, that the instructions were requested "in advance of the argument in this cause," sufficiently establishes the taking of exceptions at the proper time and in the proper manner. The mere fact that the motion for a new trial contains the statement, after the assignment of each cause in which the refusal to give an instruction is relied upon, that the refusal was "excepted to by the defendant at the time," does not show, as appellee's counsel contend, that exceptions were not taken at the proper time. The bill of exceptions states, as we have shown, that the exceptions were taken to the refusal at the time such refusal was made, and the bill of exceptions imports absolute verity. Elliott App. Proced., section 811, and cases cited.

While, theoretically, an exception must be taken to an instruction at the time it is given, in practice this is seldom, if ever, done. The statute prescribes that if the ruling excepted to be assigned as a cause in a motion for a new trial, the motion shall carry the decision and exception forward to the time of ruling on such motion, and time may then be given within which to reduce the exception to writing. R. S. 1894, section 638 (R. S. 1881, section 626). It is, therefore, our opinion that the question as to the correctness of the instruction is properly presented.

The fourth instruction requested by the appellant and refused by the court is as follows:—

"4. A person suffering injuries by the fault of another has no right to aggravate the same by carelessness or inattention to such injury, but if he does so, he has no right to recover, from the party causing the original injury, damages resulting from such aggravation and which resulted from his own carelessness."

Following is the fifth instruction requested and refused:—

"5. If, therefore, you should find from the evidence, that the plaintiff received some injuries about the head and ear, such as required medical treatment, then it was his duty to use reasonable diligence to procure proper and reasonably competent medical attention, and to continue to obtain for himself such treatment so long as his injuries appeared reasonably to require it. And if the evidence shows any failure on the part of the plaintiff to discharge the duty of obtaining reasonably proper medical attention, then he cannot recover damages for any aggravation of his injury, or result therefrom occasioned by such failure."

That it is the duty of a party thus injured to use ordinary care and diligence in securing medical or surgical aid, after receiving such an injury, and that he cannot recover for any suffering or ailment brought about by his failure to use such care and diligence,— cannot be denied. That the injury was aggravated by such failure is, of course, matter of defense, and after an injury by the defendant's negligence has been established, the burden is on the defendant to show the plaintiff's failure to use ordinary care, judgment and diligence in having the injury properly treated. It is, of course, for the jury to determine whether anything should be deducted from the damages by reason of such negligent aggravation. These propositions are well supported by the authorities. *City of Goshen* v. *England,* 119 Ind. 368; *Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409; *City of Bradford* v. *Downs,* 126 Pa. St. 622; *Gould* v. *McKenna,* 86 Pa. St. 297; *Ludlow* v. *Village of Yonkers,* 43 Barb. 493. Beach Contrib. Neg., sections 69, 70.

In the case of *Louisville, etc., R. W. Co.* v. *Falvey, supra,* the court instructed the jury as follows: "It was the duty of the plaintiff to use ordinary care, judgment and diligence in securing medical and

surgical aid after she received the injuries complained of, if any she received, and if you find from the evidence, that after she received such injuries, if any she did receive, she failed to use such ordinary care, judgment and diligence in procuring timely medical or surgical aid; and if you further find, from the evidence that, by reason of such failure, her condition is now different and worse than it would have been if she had used such ordinary care, judgment and diligence in the premises, then, if you find for the plaintiff, you should take this into account in making up your verdict, and should not allow her any damages for ailments and diseases, if any, that may have resulted from such failure."

This instruction was held to state the law correctly.

Appellee's counsel insist in argument, however, that as the burden was upon the appellant to show such aggravation of the injury by the appellee's want of ordinary care in securing proper medical treatment, the instructions are open to the objection of not embodying the element of the burden of proof, and that there was, consequently, no error in refusing them. We cannot concur in this conclusion. Abstractly, the instructions requested and refused contain correct statements of the law applicable to such cases. The appellant was, therefore, entitled to have the instructions given to the jury, if properly asked for, and if there was evidence to which they were applicable, or from which the jury could have properly drawn the inference that appellee failed to use ordinary care in procuring proper medical treatment. It was not necessary to embody in the instructions the element of burden of proof. That was a subject upon which the appellee was entitled to an instruction, if he had asked for it. An instruction which is applicable to the evidence and correct in the abstract,

is not to be treated as erroneous because it does not include other matter, which might properly have been, but was not embraced in the instruction. *Dyer* v. *Dyer*, 87 Ind. 13; *Cincinnati, etc., R. W. Co.* v. *Smock*, 133 Ind. 411, 417.

There is, however, one fatal omission, on the part of appellant, in connection with its request for instructions, which must result in a holding that there was no available error in the refusal of the court to charge the jury as requested. The instructions requested were not signed by appellant's counsel, or any other person for the appellant. The rule is that the trial court may, without committing any reversible error, refuse to give instructions requested, if they are not signed by the party asking them, or his attorney. R. S. 1894, section 542, subd. 4; *Buchart* v. *Ell*, 9 Ind. App. 353; *Hutchinson* v. *Lemcke*, 107 Ind. 121; *Craig* v. *Frazier*, 127 Ind. 286.

We have examined the instructions given by the court, and think they state the law correctly, at least so far as any objections to the same have been pointed out.

Judgment affirmed.

Filed April 8, 1896.

## ON PETITION FOR REHEARING.

REINHARD, J.—We are asked to grant a rehearing in this case because we made a mistake, as counsel insist, in holding that the error, if any, in refusing the appellant's request for instructions, was not available, in that the record fails to show that the instructions were signed by the appellant or its counsel. The judge's certificate contains the statement that the defendant requested certain instructions. This, it is urged by counsel, sufficiently shows that the de-

fendant *properly* requested those instructions. In this view we cannot concur. Had the judge certified that the instructions requested were signed by counsel for defendant, the case might be different. The safe way, however, is for the counsel's request for instructions to be transcribed, signature and all, into the bill of exceptions, or record, over the certificate of the judge.

The rule is well established that no presumption will be indulged which would result in convicting the trial court of error, and whenever error is asserted, it devolves upon the party asserting it to show by the record the taking of every step prescribed by the law to subject the court's ruling to the legal test. The party who complains of a ruling must affirmatively show that he placed himself in an attitude to rightfully ask that which the court refused him, otherwise his complaint will not avail, for the presumption of regularity which attends the proceedings throughout the trial will require the appellate court to assume that the party had not taken the necessary and required steps to entitle him to the ruling. *Puett* v. *Beard*, 86 Ind. 104, 107; *German Fire Ins. Co.* v. *Columbia Encaustic Tile Works Co.*, 15 Ind. App. 623.

We do not doubt the statement of counsel that their request for instructions was duly signed, but we can only take judicial notice of what was done by the statements contained in the record. This may have been a mere clerical omission, but, if so, it is just as fatal an omission as if it had been made in the first instance and from the original request for instructions.

It was not essential that appellee's counsel should have made and discussed this point in their brief. The court will search the record on appeal in order to sustain the trial court, while it will not ordinarily do

so in order to reverse. But counsel are in error in stating that the point was not alluded to in the brief of appellee. The copy we have on file calls attention to the omission of the signature, and insists that it was, therefore, not reversible error in the trial court to refuse the instructions requested. In support of their position appellee's counsel cited *Hutchinson* v. *Lemcke,* 107 Ind. 121 (127).

