BREAUX, C. J.
Mrs. Katherine Donovan, assisted by her husband, John Donovan, brought suit against the New Orleans Railway & Light Company, claiming $10,500 damages as a result of an accident she met with on the 22d day of January, 1912. She was thrown from one of the steps of one of defendant’s cars on the Claiborne line. She alleges: That the car was approaching St. Bernard avenue about 9 o’clock p. m. That she signaled it to stop to permit her and three others of her party to alight. The usual signal was given, with which defendant’s conductor complied just before the car reached the regular foot crossing at St. Bernard avenue. That the car was standing still, and she, together with the other passengers with her, walked to the steps. As she was in the act of alighting, the car, without the least notice, suddenly started, and moved a short distance of six or eight feet to *242 the regular crossing. That in alighting on the step she was thrown down to the ground and injured. She charged that the motorman carelessly started the car, and that the conductor gave no notice whatever. She averred that she did not have the least reason to believe that the ear would move as it did, and that as a passenger she was entitled to some attention, which was not shown her. Painful and permanent injuries were the result of the fall. They consist of a serious hematoma of the left side and an umbilical hernia containing omentum, as diagnosed by her physician, who advised her that it would he necessary for her to undergo a painful operation. She also complained of an injury to her hip.
The defense pleaded a general denial, and alleged that the accident was the result of her fault in attempting to alight from a moving car.
The jury found a verdict in her favor in the sum of $6,000, and a judgment was accordingly signed allowing the amount, with legal interest from the-date of the judgment.
The defendant perfected an appeal from the judgment.
[t] The facts are as recited above. The car was stopped on the ringing of the bell. Plaintiff was attempting to alight. The starting of the ear took her by surprise. The jolt shook her off, and threw-her several feet away. Those who were with her on the car testified corroborating her statement about her fall.
[21 We consider that plaintiff has made proof sufficient to entitle her to damages. The amount to be allowed is about the only question as the features of the case are exceptional by reason of the fact that, despite the advice of her physician and the physician of the defendant, she has refused to undergo a surgical operation which they say is the only possible cure for the umbilical hernia caused by thé fail. Both physicians testified that, unless an operation was performed, she would not recover, and she would always be an invalid and suffer.
Plaintiff was 47 years..of.. age at the date of the trial in the lower court; had been married 25 years; has reared four children. She was in good health before.the accident, and the physicians were of the opinion that a surgical operation would not prove fatal.’ They said that there is always danger in the1' performance of an operation; but that in this instance there was no reason for apprehending serious results.
We have no reason .to deduce that she had any of the ailments which render the use of an anaesthetic dangerous, such as disease of the heart or other ailment. Fifteen days supinely on the back after the operation was the additional suffering which perhaps influenced her not to submit to the operation. It must be said that that would not be a pleasant experience, but it is best to endure that than be subject to recurring pains. The physicians stated that the chances were_favorable in operations of the kind mentioned above, “where the patient happens to be an ordinary healthy person.”
This umbilical hernia, as stated by the physicians, consisted “of a profusion of the abdomen, and viscera without muscular layers containing generally (depending upon the location of the part) peritoneum, the superficially deep fascia, fat and skin.”
The omentum, said the physician, plugs the abdominal wall.
The hernia is the only remaining ailment, and the definition above creates the impression that it has some gravity.
It was suggested in argument that perhaps the want of means to defray the expenses was the impelling cause which rendered the plaintiff unwilling to submit to the operation. In answer it was suggested that the Charity Hospital was equal in taking care of patients to any private or public sanitarium; *244 that it was well known that it has highly able and skillful physicians. In addition, her own physician is one of the attending surgeons at the hospital, and he doubtless would consent to perform the operation for the sake of one of his patients. Although unable to bear the expenses, she would be entitled to every consideration. This did not prove an inducement to the plaintiff, for she has persisted in her refusal to this date.
The science of surgery has made wonderful progress, and surgical operations are not I looked upon with the horror that they inIspired in former years. It requires only "ordinary resignation. It is true that sometimes operations prove fatal, but this is, it seems, seldom. As a matter of principle, one should follow the directions of a competent physician in a case as serious as plaintiff’s.
As the plaintiff has refused to undergo the operation, it must be considered that she has minimized her chances of recovering damages. Authorities are cited by the respective counsel upon the subject. We will cite a few. In the first place one of our own court. Beers v. Board of Health, 35 La. Ann. 1132, 48 Am. Rep. 256. Strudgeon v. Village of Saul Beach, 107 Mich. 496, 65 N. W. 616.
One should not fail to obtain medical attention when needed. Robertson v. T. & P. R. R. Co. (Tex. Civ. App.) 79 S. W. 96.
An injured person must submit to reasonable treatment. T. & P. R. R. Co. v. Behymer, 189 U. S. 469, 23 Sup. Ct. 622, 47 L. Ed. 905; Citizens’ Street Railway Co. v. Hobbs, 15 Ind. App. 610, 43 N. E. 479, 44 N. E. 377.
It is not unreasonable to expect of one of ordinary health reasonable exertion toward overcoming fear more imaginary than real.
We, none the less, do not think that plaintiff’s refusal should be the cause of her losing her claim for the suffering which she has endured altogether, although it must be considered as mitigating the injury. She has been made ill, has lost flesh, which she could not under the circumstances have avoided with or without the surgical operation.
The amount allowed is reduced to $3,000, with interest thereon heretofore allowed, and, as amended, the judgment of the district court is affirmed.