————o————

## No. 6350.

## SALVATORE SAITTA vs. NEW ORLEANS RAILWAY & LIGHT COMPANY.

### Syllabus.

Those in charge of a street car must see to it that a passenger engaged in boarding it is afforded a reasonable time to reach a place of safety before the car is started. The time allowed and the degree of attention required increase accordingly as the apparent circumstances surrounding the

passenger render his situation the more hazardous, such as his physical disability, his encumbrance with luggage and the like.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 105,301. Honorable F. D. King, Judge.

Stafford & Robinson, for plaintiff and appellee.

Dart, Kernan & Dart, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Defendant appeals from a judgment awarding plaintiff damages in the sum of $750.00 for injuries she alleged to have received while attempting to board one of defendant's street cars.

The car had stopped at its ordinary place for taking on passengers, and plaintiff, who was carrying a number of books in her left arm, either had barely succeeded in mounting the platform or had one foot still upon the step, and was extending her fare to the conductor with her right hand, when, upon the conductor's signal, the car was started and she was thrown backward upon the street and sustained the injuries of which she complains.

Conceding, as defendant contends, that the car started with no unusual jolt, still plaintiff was undoubtedly precipitated from the car by the effect of this starting alone, and, in the absence of any other circumstance to which the event might be attributed, it is evident that she had not succeeded in reaching a safe position in her effort to board the car in full view of the conductor, when the latter gave the signal and the start was made.

We think the rule governing the case may be fairly stated to be that those in charge of a street car must see to it that a passenger engaged in boarding it is afforded

a reasonable time to reach a safe place before the car is started, the degree of care and the length allowed being measured accordingly as the apparent circumstances, such as the passenger's physical disability, his encumbrance with luggage and the like, increase the hazard of travel to which he is ordinarily exposed.

> Wardle case, 35 An., 202.
> Conway case, 46 An., 1429.
> Sharp case, 111 La., 395.
> Donovan case, 132 La., 239.
> Carriers, 6 Cyc., 611, et seq.

It is undoubtedly true that the starting should not necessarily be postponed until the passenger is seated, but at the same time it was not in accord with that degree of diligence which is demanded under such circumstances, for the conductor to have caused the car to start when plaintiff had barely succeeded in reaching the platform and when he perceived that she had both arms so engaged that she could with difficulty maintain and not readily regain her equilibrium.

But while satisfied that plaintiff was properly given judgment, we are equally convinced that the amount allowed is excessive.

Her body and limbs were bruised and she suffered quite severely for several days; but at the end of ten days she was able to return to school and she has sustained no permanent disability nor impairment of health by reason of the accident. An allowance of $500.00 is ample to cover her suffering, the expenses for medical attendance, etc.

It is accordingly decreed that the judgment be reduced to five hundred dollars ($500.00) and as thus amended that it be affirmed, the plaintiff to pay the costs of appeal.

Opinion and decree, April 19th, 1915.