235 So.2d 422 (1970)
Henry D. WELCH, Plaintiff-Appellant,
v.
Dr. Floyd S. RATTS et al., Defendants-Appellees.
No. 11429.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1970.
*423 Gordon Wellborn and Rex Houston, by Rex Houston, Henderson, Tex. Johnston, Johnston & Thornton, by J. Bennett Johnston, Jr., Shreveport, for appellant.
Mayer & Smith, by Charles L. Mayer, Shreveport, for appellees.
Before BOLIN, PRICE and WILLIAMS, JJ.
PRICE, Judge.
From a judgment awarding him $16,530.89 in a tort action, plaintiff has devolutively appealed to this court seeking an increase in the amount of the judgment. In answer to the appeal defendants do not question the court's finding of liability but contend the amount awarded is excessive.
On July 26, 1967, at approximately 11:30 A.M., Henry D. Welch, a resident of Henderson, Texas, was riding in the right front seat of his automobile being driven by Wayne Tippett on Interstate Highway 20 in Bossier City, Louisiana. Welch and Tippitt were proceeding easterly, intending to enter the exit for U. S. Highway 80. The Welch automobile was struck on the left side by another vehicle driven by Dr. Floyd S. Ratts of Ft. Worth, Texas, who was changing lanes in an attempt to enter the same exit.
Welch seeks damages for personal injuries, loss of past and future wages, medical expenses and costs of automobile repairs. He asserts that as a result of the accident he sustained a herniated intervertebral disc, and, as a result of worry and anxiety connected with disability caused by the ruptured disc, he developed a peptic ulcer, causing further disability. Welch contends he has become totally and permanently disabled because of these injuries and may be required to undergo corrective surgery for the disc injury. Plaintiff prayed for $50,000.00 for pain and disability; $50,000.00 for loss of wages, and $4,000.00 for medical expenses.
The evidence adduced on trial of the case shows that plaintiff made no complaint of injury at the scene of the accident. His testimony that he began hurting in the cervical and back area during the afternoon of the same day was corroborated by his driver, Tippitt. After returning to Henderson in the late afternoon on the date of the accident, plaintiff sought medical attention from his family physician, Dr. C. L. McShan of Henderson. Plaintiff was immediately hospitalized for observation and treatment. On the basis of X-rays Dr. McShan diagnosed plaintiff's difficulty as a sprain of the muscles and ligaments of the cervical and low back area. Pelvic traction was applied and pain relieving and muscle relaxing drugs were prescribed. On July 31, plaintiff was discharged for convalescence at home. Because of continued complaints of pain on out-patient visits, on October 19th Dr. McShan referred plaintiff to an orthopedic surgeon, Dr. Milton Frieberg of Tyler, Texas. This physician found plaintiff to have a low grade herniated disc at the fifth lumbosacral vertebrae on the left. A corset was prescribed, along with remedial *424 exercises. As no progress was made by this treatment, on November 16th Dr. Frieberg advised that corrective surgery would be necessary and suggested a myelogram to confirm the locality of the affected disc prior to surgery. Plaintiff did not desire surgery at that time and conservative treatment was continued by Dr. Frieberg through the year 1968. In June, 1968, plaintiff was hospitalized for a flare-up of pain and traction was applied for a period of approximately four days.
Plaintiff was also examined by Dr. A. E. Deen, an orthopedist of Shreveport, who confirmed Dr. Frieberg's opinion. In November, 1967, plaintiff consulted Dr. Kerfoot P. Walker, an internist of Tyler, Texas, for digestive and abdominal disorders. Dr. Walker testified plaintiff had a peptic ulcer and hospitalization was necessary for a period of five days.
At the time of the accident plaintiff was employed as a security guard for a manufacturing concern in Henderson, Texas. His salary for this work was $300.00 per month. For several years prior to the accident plaintiff carried on multiple business pursuits. He operated a used car lot in Henderson, earning $4,153.00 in 1964; $1,478.53 in 1965, and losing $252.44 in 1966. In 1967 a profit of $673.45 was sustained. Plaintiff owns 200 acres of land near Henderson on which he engaged in a cattle raising venture. From this the evidence reflects a loss of $2,059.74 in 1964; a loss of $349.69 in 1965; a loss of $1,813.04 in 1966, and a profit in 1967 of $583.81. He also worked part-time for a finance company in making appraisals and repossessions. No evidence of earnings from this work was adduced by plaintiff.
Just prior to the date of the accident, plaintiff purchased a truck-tractor with the intention of engaging in transporting cargo for hire in interstate commerce. His mission to Bossier City on the date the accident happened was to buy a trailer from the Lufkin Trailer Sales in Bossier City, to operate with the tractor unit.
On the basis of the foregoing evidence the trial judge, in written reasons for judgment, allowed the plaintiff $10,000.00 for pain, suffering and any disability connected with the herniated disc. The court found that the evidence was sufficient to sustain the burden of proving that the disc injury was a result of the accident, even though the impact of the collision was not severe. Appellee, in answer to the appeal, argues that the evidence is not sufficient to causally connect the accident and the disc involvement because of the slight impact involved and the time intervening and activities engaged in by plaintiff prior to its diagnosis. We think the medical and lay testimony adequately sustains the trial judge's finding in this regard.
The trial judge did find that the evidence was not sufficient to causally connect the peptic ulcer developed by plaintiff some four months after the accident. Appellant assigns error to this finding of the trial judge.
In a report of Dr. Walker, the internist that treated this condition, directed to plaintiff's counsel on April 27, 1968, the doctor advised that although plaintiff's concern over injuries received in the accident may have aggravated the ulcer, he could not causally relate its origin to the accident. He was of the opinion it resulted from the stress and anxiety of plaintiff's attempt to carry on too many occupations at one time. Although the doctor at the time of trial, in answer to certain hypothetical questions, somewhat minimized his former report, we do not find that he substantially changed his conclusion as contended by appellant. We find no error in the trial judge rejecting damages for this alleged condition.
The trial court allowed the plaintiff a total of $4,600.00 for loss of wages. The court found that the medical testimony of Dr. Frieberg and Dr. Deen shows that plaintiff's disc condition may be improved by corrective surgery to the extent that he *425 would be able to continue his former activities with only a minimal disability of from ten to fifteen percent. The court found that plaintiff lost only one month at his work as a security guard prior to resuming work at Henderson Clay Products Company, and that the recuperative period suggested by the medical testimony was six months. The court, therefore, allowed seven months loss of wages at $300.00 for the employment as a security guard. Appellant takes exception to this finding by the trial judge. Counsel accuses the trial judge of misinterpreting the testimony of the plaintiff as to the time lost in this work. Counsel contends plaintiff worked one month and then had to quit because of inability.
We find the evidence to reflect that plaintiff returned to work after one month and then worked until sometime in November of 1967. The plaintiff at about this time was advised by Dr. Frieberg that corrective surgery could improve his condition. Plaintiff did not choose to submit to an operation because of personal reasons.
We believe the law, as stated in Donovan v. New Orleans Railway & Light Co., 132 La. 239, 61 So. 216 (1913), requires the plaintiff to minimize his damages by submitting to an operation if it will alleviate the disability. Should the injured party refuse to submit, then damages for loss of wages may not be allowed beyond the estimated recuperative period. We, therefore, find no error in this finding of the trial judge.
The court allowed the sum of $2,500.00 as a loss of any earnings sustained by plaintiff in his other miscellaneous pursuits. Although appellant complains of the inadequacy of this award, there is no positive evidence in the record on which appellant can show a predictability of loss of future earnings from any of these miscellaneous enterprises. In the year immediately prior to the accident, his records showed a loss rather than a profit from the used car and cattle raising ventures. There is no evidence to justify a probability that plaintiff would profit from the anticipated trucking venture.
We do not find that the trial judge has abused his discretion in making an award for $2,500.00 for any losses plaintiff may have sustained by an interruption of his activities in the used car, cattle or trucking businesses. We do not find the evidence to indicate that after corrective surgery he would not be as able to carry on these occupations as well as before the accident. It may well be that he has discontinued same on medical advice because of his propensity to develop peptic ulcers due to the stress and strain of engaging in many business activities at one time. However, the medical testimony does not relate this to the accident.
Appellant contends that the award of $10,000.00 for pain, suffering and disability resulting from the herniated disc is not consistent with other awards made in similar cases by appellate courts and should be increased substantially by this court. As we have stated on previous occasions, we do not believe it is our function under the controlling jurisprudence to attempt to standardize awards in personal injury cases. Neither are we to substitute our opinion for that of the trial judge unless his findings in this regard demonstrate that he has abused the discretion vested in him under the appropriate articles of our Civil Code.
We cannot say that the award of $10,000.00 for pain, suffering and a minimal disability, as is predicted in this case, is an abuse of the trial judge's discretion.
The court properly allowed $1,000.00 for future medical expenses, this being the estimated cost of the corrective surgery. Medical expenses previously incurred in the amount of $636.50 for treatment relating to the cervical and back injury was allowed by the court. The expenses pertaining to treatment of the peptic ulcer were properly rejected by the trial *426 judge as not being connected to the accident. There is no complaint made to the amount allowed for automobile damages.
For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.