329 So.2d 876 (1976)
Jettie REEVES et al., Plaintiffs-Appellees,
v.
The TRAVELERS INSURANCE COMPANY et al., Defendants-Appellants.
No. 12848.
Court of Appeal of Louisiana, Second Circuit.
March 15, 1976.
*877 Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendants-appellants.
Shuey, Smith & Carlton by J. William Fleming, Shreveport, for plaintiffs-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
BOLIN, Judge.
Plaintiffs, husband and wife, instituted the present action to recover damages for personal injuries received by Mrs. Reeves, and related special damages due the community caused by a truck colliding with Mrs. Reeves' automobile on May 15, 1973. It was stipulated the accident was caused by the negligence of the truck driver. From a judgment in solido against the truck driver, his employer, and the liability insurer in favor of Mrs. Reeves for $21,500 and for Mr. Reeves in the amount of $5,216.95, all defendants appeal. We affirm.
In their brief before this court appellants specify the lower court erred in (1) finding that plaintiff sustained an aggravation of a prior existing back condition; (2) failing to take into consideration Mrs. Reeves' refusal to undergo surgery in mitigating its award.
Mrs. Reeves had received a back injury in February 1972. For this injury she was examined and treated by Dr. Harold R. Bicknell, an orthopedic surgeon, who suspected she had a herniated disc and recommended a myelogram. A myelogram was performed on Mrs. Reeves following which Dr. Bicknell recommended surgery. However, due to an adverse reaction to the dye used in the myelogram procedure and for personal reasons of her own, she did not agree to the surgery. The lower court found, and we agree, that the difficulty from the 1972 accident had abated prior to the 1973 automobile accident.
*878 The most serious question relates to Mrs. Reeves' refusal to submit to an operation following the second accident. Dr. Bicknell, who had treated Mrs. Reeves for the back injury received by her in the first accident, referred her to the Baylor Medical Center in Dallas, Texas, for an electromyograph in October, 1973. This procedure was followed because of Mrs. Reeves' inability to tolerate a myelogram and also because the electromyograph is a successful procedure for duplicating the capability of the myelogram.
Dr. Bicknell testified the results of the electromyograph correlated with the findings previously obtained from the myelogram in 1972, which caused him to recommend that Mrs. Reeves undergo surgery for a herniated disc. However, he stated the only way he could be certain she had a herniated disc was to perform the operation.
Mrs. Reeves testified she feared having a back operation and therefore refused to consent to such surgery. For her personal injuries the lower court awarded Mrs. Reeves $20,000 for "the pain and suffering she has sustained as a result of this injury to her back" and "an additional $1,500.00 for the bruises and abrasions, to include the blow to the nose, sustained in the accident."
The amount awarded Mr. Reeves for medical expenses, etc., is not seriously questioned on appeal. The lower court permitted recovery for loss of wages for only 26 weeks based upon the following finding:
As we previously noted, Mrs. Reeves stated that she does not wish to be operated on. The jurisprudence is that if an operation will alleviate the disability, the plaintiff is required to minimize his damages thereby. If the plaintiff does not wish to be operated on, then damages for lost wages may not be allowed beyond the estimated recuperative period. Welch v. Ratts, 235 So.2d 422 (La.App.2nd Cir., 1970).
Since plaintiffs have neither appealed nor answered the appeal, they cannot question the mitigation of the award for loss of wages for failure of Mrs. Reeves to undergo surgery. However, defendants' principal thrust on appeal is that the lower court did not mitigate the damages awarded Mrs. Reeves for pain and suffering because of her refusal to submit to surgery.
Our courts have espoused a rule in varying terminology to the effect that an injured party is obligated to submit to reasonable medical treatment, including surgery, to minimize his damages against a tort-feasor. Donovan v. New Orleans Ry. & Light Co., 132 La. 239, 61 So. 216 (1913); Dark v. Brinkman, 136 So.2d 463 (La.App.3d Cir., 1962); Bowers v. Lumbermens Mutual Casualty Company, 131 So.2d 70 (La.App. 2d Cir., 1961); Reeves v. Louisiana and Arkansas Railway Co., 304 So.2d 370 (La.App.1st Cir., 1974), writs refused.
As related to an award for pain and suffering, the above rule must be applied with extreme caution. The burden is on a tort-feasor to show to what extent the damages should be mitigated. If an otherwise successful surgical operation would leave an injured party with residual permanent pain and disability, his refusal to undergo surgery should only mitigate the damage award proportionately. In the instant case defendants have not borne this burden of proof.
We conclude Mrs. Reeves' refusal to undergo surgery for her back condition was only one of several factors to consider in arriving at the proper award for her pain and suffering. Considering this factor along with others, we do not find the trial judge abused his discretion in awarding her $21,500 for her personal injuries.
For the foregoing reasons the judgment is affirmed at appellants' cost.