KING, Judge.
The issues presented by this appeal are whether or not the trial court was correct in submitting a special interrogatory to the jury and whether or not the jury erred in finding that an insurer is liable to reimburse its insured for the amount the insured personally consented to be cast in judgment in settlement of claims made against him.
After some of the plaintiffs settled their claims and after other plaintiffs’ claims were severed from trial, the claims of the remaining plaintiffs and the third party plaintiff in this suit, and the plaintiffs’ claims in a consolidated suit, were tried to the jury. A bifurcated jury trial on the issue of insurance coverage was first tried and then the issues of liability and damages were subsequently tried. Special interrogatories were propounded to the jury on the issues of insurance coverage, indemnification, liability and damages. The jury found insurance coverage for the plaintiffs in this suit and the plaintiffs in the consolidated suit and liability of one of the insurers to indemnify its insured, one of the defendants and the third party plaintiff in this suit, for sums he had personally consented to be cast in judgment in settlement of some of the plaintiffs’ claims made against him. At the time of the stipulation of the consent judgment against the defendant and third party plaintiff, he had expressly reserved his right to proceed against his insurers, who were also defendants in this suit, for indemnification. This suit and the consolidated suit were then heard by the jury on the issues of liability and damages and the jury found that the plaintiffs in this suit and the plaintiffs in the consolidated suit had not proven liability and had not proven they had sustained damages. The judgment of the jury on the issues of insurance coverage, indemnification, liability and damages were then made the judgment of the court and written judgments were read and signed. None of the plaintiffs in this suit and the consolidated suit have appealed the judgment of the jury, finding that they had not proven liability or damages, and the court’s judgment dismissing their suits is now final as to them. One of the insurers, against whom judgment for indemnity had been rendered in favor of the defendant and third party plaintiff, timely filed a motion for judgment notwithstanding the verdict from the jury verdict finding insurance coverage under its policy and ordering it to indemnify the defendant and third party plaintiff. After this motion was heard and denied, both of the insurers of the defendant and third party plaintiff then timely filed an *512 appeal in this suit and the consolidated suit. We reverse.
FACTS
Plaintiffs, Don and Andrew Rachal (hereinafter the Rachals), and others[1] sought recovery in this suit for crop losses allegedly caused by defendant, James Stacy (hereinafter Stacy). Stacy hired Paul Fosh-ee Dusting, Inc. (hereinafter Foshee Dusting) to aerially apply 2-4DB, a weed killing chemical, to his soybean crop. Paul Foshee (hereinafter Foshee) was piloting the aircraft spraying the weed killing chemicals on Stacy’s soybean crop at the time when the plaintiffs allege that some of the chemicals fell on their adjacent cotton fields and damaged their cotton crops. As a result, the Rachals and the other plaintiffs filed this suit against Stacy and his insurers, Southern Farm Bureau Casualty Insurance Company (hereinafter Southern Farm) and Louisiana Farm Bureau Mutual Insurance Company (hereinafter Louisiana Farm), Foshee, Foshee Dusting, and their insurer, United States Fire Insurance Company (hereinafter U.S. Fire).[2]
Southern Farm and Louisiana Farm filed an answer denying coverage under any of their policies of insurance issued to Stacy for the various plaintiffs’ claims sued on. Stacy filed an answer of denial to the plaintiffs’ claims and a third party demand against his insurers, Southern Farm and Louisiana Farm, alleging that they each issued to him several insurance policies which provided him with coverage for the plaintiffs’ claims, and sought indemnification from Southern Farm and Louisiana Farm, up to their respective policy limits, in the event he was held liable to the various plaintiffs.
At the time of the alleged accident Stacy had in full force and effect numerous policies of liability insurance, among which was a comprehensive general liability policy, Policy Number CG 804714, issued to Stacy by Southern Farm which provided physical hazard protection in the sum of $50,000.00 per occurrence. Another was a commercial excess umbrella policy, Policy Number UM 800974, issued to Stacy by Louisiana Farm which provided him with $1,000,000.00 in excess coverage per occurrence. Louisiana Farm’s commercial umbrella excess policy provided for a $10,-000.00 deductible, which Stacy had to pay, in the event that there was no underlying coverage of at least $10,000.00. The terms, provisions, and exclusions under each of these policies are different.
Prior to trial, and in order to simplify matters for trial before the jury, the trial judge, with the consent of all parties and pursuant to LSA-C.C.P. Art. 1562, entered an order to bifurcate the jury trial in this suit and the consolidated suit to first hold a trial on the issue of insurance coverage and to then hold a trial on the issues of liability and damages before the same jury.
On the morning of the scheduled jury trial the Rachals entered into a settlement with all defendants for $43,000.00 and payment of certain court costs, and the defendants consented to a judgment being rendered against them for the amount of the settlement. Accordingly, a hand written document, signed by counsel for all parties, which itemized the amount each defendant had agreed to contribute to the settlement was filed into evidence without objection. This document showed that each defendant agreed to participate in the payment of the consent judgment in the following amounts:
*513 United States Fire $25,000.00
Southern Farm and Louisiana Farm 7,500.00
James Stacy 10,500.00
In addition, Mr. Gahagan, the attorney for Stacy, and Ms. Frank, the attorney for Louisiana Farm and Southern Farm, agreed to the following stipulation which was dictated into the record outside the presence of the jury:
“MR. GAHAGAN: ... I want a stipulation to enter as follows: That in connection with — I’m making this offer at this time, Judge — that in connection with the matter styled: Don Rachal, et al versus James Stacy, consolidated with Methvin versus Stacy, that James R. Stacy as the named insured has agreed to pay the sum of ten thousand dollars to Don Rachal in partial settlement of his claims and causes of action asserted against Mr. Stacy. And that insofar as Mr. Stacy is concerned on the one hand and Louisiana Farm Bureau Mutual Insurance Company on the other is concerned that in the event there is found to be coverage under policy number UM 800974, that that ten thousand dollar payment will satisfy the deductible as provided in item-4 of the declarations sheet that is shown.
Further that the payment of ten thousand dollars as agreed upon by Mr. Stacy and evidenced by that was with the full reservation of any and all claims, causes of action, rights of reimbursement that he may have as against Louisiana Farm Bureau Mutual Insurance Company or Southern Farm Bureau Casualty Insurance Company under either of those two policies. I suggest that is the stipulation. And further, lastly rather, that there is — that the ten thousand dollars will satisfy the occurrence question, the occurrence provision of the commercial umbrella liability policy. And that there is no further issue with regard to that point.
THE COURT: Very well.
MS. FRANK: That’s a correct summation of the stipulation except — I mean of the consent judgment. I’m not too sure about that last paragraph. It’s not necessary. All I’m saying is that it is part of a total settlement agreement and should be included in the consent judgment. That’s my objection.
MR. GAHAGAN: Insofar as the stipulation that I’ve offered, insofar as the stipulation is concerned to supplement any consent judgment will Louisiana Farm Bureau and Southern Farm Bureau accept the request that I have made? That the ten thousand dollars paid in the event there is found to be coverage under the umbrella policy it will be credited toward the deductible.
MS. FRANK: That is part of the settlement agreement.
MR. GAHAGAN: Secondly, that there is no dispute insofar as there being more than one occurrence such that he may be called upon to pay ten thousand dollars more than one time.
MS. FRANK: That’s correct.
MR. GAHAGAN: And thirdly, that any payments made heretofore, or obligations paid heretofore, is with full reservation of any rights that he may have otherwise asserted prior to this morning.
MS. FRANK: That’s why we’re in court right now.” (Emphasis added.) (TR. pages 7, 610-612.)
Counsel for Southern Farm and Louisiana Farm objected to admission of the stipulation into evidence on the ground that all counsel had agreed to submit the settlement agreement in the form of a consent judgment. Counsel for Southern Farm and Louisiana Farm did agree that the stipulation, as stated for the record, was an accurate statement of the agreement of the parties. The trial court recognized the stipulation for the rendition of a consent judgment and the stipulations set forth above. After this action the only issues remaining to be tried before the jury were (1) the claims of the remaining plaintiffs in this suit and the claims of the plaintiffs in the consolidated suit as to the issues of insurance coverage, liability, and damages; (2) Stacy’s third party demand for indemni *514 fication against Southern Farm based on his Southern Farm comprehensive general liability policy number CG 804714; and (3) Stacy’s third party demand for indemnification against Louisiana Farm based on his Louisiana Farm commercial liability umbrella policy number UM 800974. Insofar as the third party demands of Stacy against Southern Farm and Louisiana Farm the jury could have found that Stacy (1) had underlying coverage under the Southern Farm policy but not excess coverage under the Louisiana Farm policy; (2) had excess coverage under the Louisiana Farm policy but no underlying coverage under the Southern Farm policy and that Stacy was not required to pay the $10,-000.00 deductible under the Louisiana Farm policy because of the stipulation of the parties; (3) had underlying coverage under the Southern Farm policy and excess coverage under the Louisiana Farm umbrella coverage and that Stacy was not required to pay the $10,000.00 deductible because of the existence of underlying coverage; or (4) had no coverage under either the Southern Farm or Louisiana Farm policies.
After the presentation of evidence on the issues of insurance coverage, Stacy’s attorney, by letter to the trial court, dated December 6, 1985, requested that the trial court submit a special interrogatory to the jury to decide whether or not Stacy was entitled to reimbursement from Southern Farm, as his insurer with the basic underlying insurance coverage, of the $10,000.00 he consented to be his portion of the consent judgment rendered in favor of the Rachals and against him and the other defendants. This letter requesting the special interrogatory stated:
“As a result of this settlement with Radial, I respectfully urge this court to permit me to supplement the special interrogatories previously submitted on behalf of James Stacy, individually, relating to coverage to seek reimbursement of this sum of money by inserting Interrogatory No. 5 to read as follows: Interrogatory No. 5: If you find that comprehensive liability policy No. CG-804714 issued to James Stacy, d/b/a Cane River Grain provided protection for the damages sustained by Daniel Methvin and V & S Planting Co., do you find that James Stacy is entitled to recover from Southern Farm Bureau Casualty Insurance Company the deductible sum of $10,000.00 previously paid by him? Answer: Yes_; No_” (Emphasis added.)
However, Stacy’s attorney and the attorney for Southern Farm and Louisiana Farm expressed concern that the language of the interrogatory should be worded carefully so that it would not confess liability on the part of any defendant. The attorneys for all other parties also had similar concern. The trial judge agreed to submit such a special interrogatory to the jury and the following colloquy was held in open court, outside of the presence of the jury, but in the presence of the attorney for all parties, as follows:
“THE COURT: What I would like to read to the jury, a payment of ten thousand dollars has been made by Mr. James Stacy and a partial negotiated settlement between some of the parties. If you find that comprehensive liability policy number CG804714 issued to James Stacy d/b/a Cane River Grain provided protection for the damages sustained by Daniel Methvin, and V & S Planting Company and Mrs. Frye do you find that James Stacy is entitled to recover from Southern Farm Bureau Casualty Insurance Company this ten thousand dollars previously paid by him? Are you going to ...
MR. GAHAGAN: I can do both. I can have you dictate it and put it in the interrogatory or I can do it any way you want me to do it.
THE COURT: I’d like for you to include this in your interrogatories. I need that back in a minute.
MS. FRANK: And I object to it being submitted to the jury.
THE COURT: Pardon?
*515 MS. FRANK: I object to it being submitted to the jury.
THE COURT: Let the objection be noted and made a part of the record. Sir?
MR. GAHAGAN: What language did you use, Judge? Do you want to tell me that again?
THE COURT: A payment of ten thousand dollars has been made by Mr. James Stacy in a partial negotiated settlement of some of those claims between the parties.
MR. KELLY: Your Honor, could that be with other parties because that suggests that there’s been a partial settlement with the parties still before the Court.
THE COURT: That’s a good point, Mr. Kelly.
MR. GAHAGAN: A partial negotiated settlement of some of the claims made against him?
THE COURT: That still doesn’t bring out that the settlement was with other parties. Some of the claims made by some of the other parties not now in this lawsuit, but for claims arising out of the same facts.
MR. GAHAGAN: How about payment of ten thousand dollars was made James Stacy in a partial negotiated settlement of some of the claims made by some of the parties arising out of the same facts. There’s been no dismissal yet of Don Rachal. And that would infer that he’s gone. By some of the parties — some of the claims made by some of the parties arising out of the same facts.
THE COURT: Is that all the interrogatories?
MS. FRANK: Your Honor.
MR. WHITEHEAD: Is Mr. Gahagan going to type them all or were you going to type those others or what.
THE COURT: He’s going to type. Court will recess ... ”. (Emphasis added.) (TR. pages 665-667)
The record shows the following interrogatory- was actually typed and then submitted to and answered by the jury:
“INTERROGATORY NO. 6 The payment of $10,000.00 has been made by James R. Stacy in a partial negotiated settlement of some of the claims made by some of the parties arising out of the same facts. If you find that comprehensive liability policy No. CG-804I14 [the policy number of the Southern Farm Bureau Casualty Insurance Company comprehensive general insurance policy issued to Stacy] issued to James Stacy, d/b/a Cane River Grain provided protection for the damages sustained by Daniel Methvin and Y & S Planting Co., [the remaining plaintiffs in the suit and the plaintiff in the consolidated suit who had not settled their claims with the defendants] do you find that James Stacy is entitled to recover from Louisiana Farm Bureau Mutual Insurance Co. the $10,000.00 previously paid by him?'
YES X ; No_” (Emphasis added.) (TR. pages 350-351)
The court minutes reflect that all counsel agreed to the wording of Interrogatory Number 6.
The jury answered Interrogatory Number 6 in the affirmative and the trial judge subsequently signed a judgment, based on the answer to this interrogatory, ordering Louisiana Farm to pay Stacy $10,000.00. Louisiana Farm appeals the trial court’s decision to submit this special interrogatory to the jury and the correctness of the jury’s answer to this interrogatory.
The real issue presented by Louisiana Farm’s appeal is whether or not the jury properly held Louisiana Farm liable to reimburse Stacy for the $10,000.00 as his portion of the judgment he consented to be rendered against him and the other defendants in favor of the Rachals in settlement of their claims.
Counsel for Louisiana Farm argues that the interrogatory was improper as it sought to have the jury interpret a settlement agreement which was entered into between some of the plaintiffs, the Ra-chals, the defendant and third party plain *516 tiff, Stacy, the defendants and third party defendants, Southern Farm and Louisiana Farm, and the other defendants, Foshee, Foshee Dusting, and U.S. Fire.
It is clear that a consent judgment was stipulated in this suit in favor of the Rachals and against the defendants, Stacy, Southern Farm, and Louisiana Farm, together with other defendants. The parties, through their respective counsel, filed into evidence a written statement showing what Stacy’s proportionate share of the consent judgment was to be. Stacy certainly was entitled to settle with some of the plaintiffs, to limit his liability in the event he was found to have no coverage, since Louisiana Farm and Southern Farm were denying coverage under their policies of insurance issued to him, for the claims being asserted by these plaintiffs. It was acknowledged by the attorneys for Stacy, Southern Farm and Louisiana Farm that the agreed upon consent judgment was to be without prejudice to Stacy’s rights to seek indemnification for the amount he had agreed to contribute as his share of the consent judgment or any other amounts for which he might be cast in judgment and to reserve his. rights to seek indemnification for these amounts from Southern Farm and Louisiana Farm under his then-pending third party demands against them. The issue of indemnification of Stacy, in the event that he was found to be insured under the Southern Farm and Louisiana Farm policies issued to him, was an issue in the trial properly before the jury. The hand written agreement between the parties which was filed in evidence, the stipulation for the consent judgment, the introduction of the Southern Farm and Louisiana Farm insurance policies in evidence, and the stipulation reserving Stacy’s right to seek indemnification from Southern Farm and Louisiana Farm, were sufficient evidence introduced into the record upon the trial of this suit to permit the trial court to submit a special interrogatory to the jury to determine whether or not Stacy was entitled to indemnification of the amount he had agreed to contribute as his portion of the consent judgment that had been rendered against him and the other defendants. For this reason we do not find that the trial court was manifestly in error in submitting Interrogatory Number 6 to the jury-
In connection with whether or not the jury’s answer to the interrogatory was correct we note that:
“A jury verdict is to be given great weight. However, an appropriate basis for reversing a jury is found when the jury’s ‘application of the law is clearly erroneous.’ Broussard v. Missouri Pac. R. Co., 376 So.2d 532 (La.App. 3rd Cir. 1979) ... ”. Jordan v. Stevens Forestry Services, Inc., 430 So.2d 806, at page 808 (La.App. 3rd Cir.1983).
The jury awarded Stacy judgment for $10,-000.00 against Louisiana Farm in answer to Interrogatory Number 6. However, a careful reading of the interrogatory in connection with the record reveals that the interrogatory caused the jury to misapply the law due to an inadvertent error in its wording. The written request for the special interrogatory and the court’s statement during the discussion as to the form in which the interrogatory would be given, both of which have been quoted above, reveal that it was intended that the interrogatory should have essentially posed the following question to the jury: If you find that Southern Farm Bureau Casualty Insurance Company Policy Number CG 804714 provides coverage to Stacy for the plaintiffs’ claims, then do you also find Southern Farm Bureau Casualty Insurance Company liable to reimburse Stacy for the $10,000.00 that he agreed in the written settlement agreement to be his proportionate part of the consent judgment rendered against him and the other defendants in favor of the Rachals. However, in preparing Interrogatory Number 6 the interrogatory was erroneously typed to show “Louisiana Farm Bureau Mutual Insurance Company” where it should have shown “Southern Farm Bureau Casualty Insurance Company.” Thus, the jury was incorrectly instructed and called upon to answer *517 this interrogatory by an incorrect application of law. The jury’s affirmative response to this erroneously worded interrogatory resulted in a clear misapplication of law. There is no legal basis to order Louisiana Farm to reimburse Stacy for the $10,-000.00 he agreed would be his proportionate part of the consent judgment rendered against him on a finding that Southern Farm Policy Number CG 804714 provided underlying insurance coverage to Stacy. The Southern Farm policy was the basic underlying coverage and the Louisiana Farm policy was the umbrella coverage. When the jury found, in response to other special interrogatories, that both of these policies were in full force and effect and afforded Stacy coverage for the claims of the plaintiffs, the Louisiana Farm umbrella policy could not come into effect until such time as the basic underlying coverage of the comprehensive general liability insurance policy of Southern Farm had been exhausted. Since Stacy was obligated by the written agreement of the parties to pay the Rachals his proportionate part of the consent judgment, he would have been entitled to be indemnified for this amount by Southern Farm but not by Louisiana Farm unless the amount for which he was seeking indemnity would have first exhausted Southern Farm’s underlying policy limit of $50,000.00.
For the reasons stated above we do not find Louisiana Farm liable to indemnify Stacy for the $10,000.00 which he agreed would be his proportionate share of the consent judgment rendered in favor of the Rachals and against him and the other defendants. Accordingly, we reverse and set aside the $10,000.00 judgment rendered in favor of James Stacy and against Louisiana Farm Bureau Mutual Insurance Company as it was based on a clear misapplication of the law by the jury as a result of the erroneously worded special interrogatory.
Southern Farm also appealed the jury’s verdict, which was made the judgment of the trial court, on the issue of insurance coverage and liability. On appeal the attorney for Southern Farm and Louisiana Farm was the same. However, no brief was ever filed for Southern Farm nor was any attempt made by counsel to argue Southern Farm’s position in Louisiana Farm’s brief or in oral argument before the Court. Since appellant Southern Farm made no appearance in this Court, filed no brief in this court, or made oral argument in this Court, no error in the judgment of the lower court has been pointed out to us and that judgment may be affirmed on the presumption that it is correct. Succession of Bailey, 232 La. 824, 95 So.2d 326 (1957); Delpit v. Delpit, 232 La. 539, 94 So.2d 660 (1957); Crescent Welding Supply Co. v. Harding, 197 So.2d 405 (La.App. 4th Cir.1967) and cases cited therein. We have nevertheless examined the record which appellants, Southern Farm and Louisiana Farm, have caused to be brought before us and we cannot say that the jury was manifestly in error, either in law or fact, in its other findings. For this reason we find no merit in the appeal of Southern Farm.
We reverse and set aside the judgment appealed from insofar as it awards judgment in favor of Stacy and against Louisiana Farm and we order Stacy’s suit against Louisiana Farm dismissed with prejudice. In all other respects the judgment appealed from is affirmed.
All costs of this proceeding are assessed one-half to James Stacy, defendant-third party plaintiff-appellee, and one-half to Southern Farm Bureau Casualty Insurance Company, defendant-third party defendant-appellant.
AFFIRMED IN PART AND REVERSED IN PART.

. This suit involved several other plaintiffs who joined with the Rachals to bring suit against the defendants alleging damages arising out of the same incident. Since the claims of these other plaintiffs are not before the Court on this appeal, we do not name these other plaintiffs here.

. This suit was consolidated for trial on the merits with the suit entitled "Daniel Methvin, et al. v. James Stacy, et al" bearing number 50,545 on the Docket of the Tenth Judicial District Court. The plaintiffs in the consolidated suit also sought damages arising out of the same incident as that sued on by the Rachals and the other plaintiffs in this suit. These suits remain consolidated on appeal. As the facts and law in this appeal are relevant to the consolidated case they will be discussed herein and a separate judgment will be rendered in the consolidated case.